OPINION OF THE COURT
 

 Smith, J.
 

 The primary issue here is whether plaintiff has demonstrated
 
 *626
 
 that a factual issue exists to withstand defendant’s motion for summary judgment to dismiss plaintiff’s age discrimination claim under New York’s Human Rights Law (Executive Law § 296). We conclude that plaintiff has sufficiently raised a question of fact as to whether defendant’s proffered reasons for plaintiff’s termination were merely a pretext for age discrimination. Accordingly, the order of the Appellate Division should be affirmed.
 

 Plaintiff alleged that he was employed by defendant as controller from June 21, 1982 until September 12, 1991, at which point plaintiff’s employment was terminated by defendant. Plaintiff was 58 years old at the time he was fired. During the almost 10 years plaintiff was employed by defendant, he received salary increases for merit every year until the last such increase on July 6, 1990. In or about that same month, July 1990, plaintiff’s supervisor retired from defendant corporation and plaintiff began reporting to a newly hired Chief Financial Officer.
 

 According to plaintiff, his new supervisor "engaged in a campaign of harassment and discrimination against plaintiff culminating in plaintiff’s unlawful termination.” For example, plaintiff claimed that the new supervisor disparaged and humiliated plaintiff by calling him "the old man” in front of other employees. At his termination, plaintiff claimed that his supervisor failed to provide him with a written explanation or an "exit interview,” a procedure typically afforded to terminated employees. Plaintiff noted that a "substantially younger person” assumed plaintiff’s former position. On March 10,1992, plaintiff commenced an action claiming that he was fired in violation of New York State’s Human Rights Law (Executive Law § 296).
 

 Following discovery, in December 1994, defendant moved for summary judgment to dismiss plaintiff’s complaint. Defendant claimed that plaintiff was fired for nondiscriminatory reasons related to his poor work performance. Among other problems, defendant claimed that plaintiff (1) made serious errors in his financial reporting; (2) failed to prepare preliminary financial statements and job plans in a timely fashion; (3) was remiss in learning the new computer system and arranging for computer training for his staff; and (4) persistently failed to respond to initiatives and suggestions made by his immediate supervisor. The majority of defendant’s proof of plaintiff’s performance stems from a memorandum written by plaintiff’s supervisor. Defendant also tried generally to discredit plaintiff’s allegations of disparaging remarks made by the same supervisor.
 

 
 *627
 
 Though generally conceding the accuracy of many of the claimed deficiencies in his performance, plaintiff countered that such proof was only a pretext to the real reason for his termination — age discrimination. Plaintiff noted that the memorandum that served as the basis for most of defendant’s legitimate reasons for his termination was written by the same supervisor who had allegedly made the disparaging remarks to plaintiff about his age, the Chief Financial Officer. Importantly, plaintiff also highlighted the fact that the subject memorandum was dated more than a month after he had been fired. According to plaintiff, the credibility of the memorandum was undermined by the timing of its production and the fact that such posttermination memoranda deviated from defendant’s standard procedure. Plaintiff also pointed out that none of the comments made in the memorandum were cited when he was terminated. Finally, plaintiff asserted that none of the negative comments about his performance were raised in any other notes in his personnel file or in any memoranda written at the time his salary was reduced several months before his termination.
 

 The record contains one memorandum that was written by the Chief Financial Officer to plaintiff which explains that the salary decrease was an "adjustment” due to a "change in [plaintiff’s] functional and staff responsibility” stemming from the Chief Financial Officer’s realignment of "the divisional structure” and procedures of the "information system management and constituent and affiliate reporting.” Defendant claimed that this memorandum demonstrates that the "salary decrease was based upon [plaintiff’s] failure or inability to perform the evolving computer services responsibilities under the controller’s position.” Plaintiff countered that the. salary reduction was "a subterfuge to cloak defendant’s true campaign of harassment and discrimination against plaintiff based upon his age.” The parties offered similarly disparate characterizations of other documents in the record.
 

 Plaintiff also submitted a memorandum dated November 7, 1991, written by the Chief Operating Officer to the Chief Financial Officer concerning "rumors and second/third hand reports of comments you had made that had upset some people, most of whom work in your division.” The memorandum states that:
 

 "In most cases it is probable that these remarks were meant to be nothing more than good-natured
 
 *628
 
 banter. However, the stress caused by the higher expectations we share for your division has put some people on edge. What could have been perceived as banter has sometimes been given a less benign twist.”
 

 On January 2, 1992, two months after the memorandum was written, the Chief Financial Officer resigned from defendant association. Defendant offered no explanation for the subject matter of the memorandum. Plaintiff also contested the evidence as to the number of other employees over 50 years of age who had been "either fired, placed on probation, or slated for removal” by the Chief Financial Officer during the same period. Furthermore, plaintiff noted that defendant advertised in trade publications for a new controller prior to actually terminating him from that position. In fact, plaintiff argued that defendant deviated from many of its usual pretermination procedures when it fired him.
 

 Supreme Court found that plaintiff had proved a prima facie case of age discrimination. However, the court also found that the defendant had come forward with proof of a legitimate, nondiscriminatory reason for plaintiff’s termination. In examining the issues raised by the parties, the court granted defendant’s motion for summary judgment because plaintiff had "not met his burden of showing by a preponderance of the evidence that the reasons offered by defendants were a pretext for discrimination.”
 

 The Appellate Division reversed and denied defendant’s summary judgment motion. The Court ruled that "plaintiff was only required to identify a disputed material issue of fact with respect to whether or not defendant’s articulated basis for the dismissal was merely a pretext for discriminatory action” (230 AD2d 685). The Court noted plaintiff’s various arguments concerning the credibility of the performance memorandum written after plaintiff’s termination. The Court also noted other issues which revolved around credibility, such as the alleged remarks made by the supervisor. There were also some disputed issues as to other employees who had been fired by defendant who were also over 50 years of age and why defendant had not followed its typical termination procedures with plaintiff. In identifying these various disputed issues, the Appellate Division concluded that plaintiff had raised a question of fact regarding defendant’s nondiscriminatory basis for firing him. The Appellate Division granted leave to appeal certifying the following question: "Was the decision and order of this
 
 *629
 
 Court, which reversed the order of the Supreme Court [two Justices dissenting], properly made?”
 

 DISCUSSION
 

 The standards for recovery under section 296 of the Executive Law are in accord with Federal standards under title VII of the Civil Rights Act of 1964 (42 USC § 2000e
 
 et
 
 seq.)
 
 (see, e.g., Matter of Laverack & Haines v New York State Div. of Human Rights,
 
 88 NY2d 734, 738;
 
 Matter of Miller Brewing Co. v State Div. of Human Rights,
 
 66 NY2d 937, 938). On a claim of discrimination, plaintiff has the initial burden to prove by a preponderance of the evidence a prima facie case of discrimination
 
 (Texas Dept. of Community Affairs v Burdine,
 
 450 US 248, 252-253;
 
 McDonnell Douglas Corp. v Green,
 
 411 US 792, 802). To support a prima facie case of age discrimination under the Human Rights Law, plaintiff must demonstrate (1) that he is a member of the class protected by the statute; (2) that he was actively or constructively discharged; (3) that he was qualified to hold the position from which he was terminated; and (4) that the discharge occurred under circumstances giving rise to an inference of age discrimination
 
 (see, e.g., McDonnell Douglas Corp. v Green,
 
 411 US, at 802;
 
 Woroski v Nashua Corp.,
 
 31 F3d 105, 108 [2d Cir]).
 

 The burden then shifts to the employer "to rebut the presumption of discrimination by clearly setting forth, through the introduction of admissible evidence, legitimate, independent, and nondiscriminatory reasons to support its employment decision”
 
 (Matter of Miller Brewing Co. v State Div. of Human Rights,
 
 66 NY2d, at 938;
 
 see also, Texas Dept. of Community Affairs v Burdine,
 
 450 US, at 253;
 
 Matter of Laverack & Haines v New York State Div. of Human Rights,
 
 88 NY2d, at 738).
 

 If the trier of fact believes the plaintiff’s evidence, and if the defendant is silent in the face of the presumption of discrimination, judgment must be entered for plaintiff because no issue of fact remains in the case
 
 (Texas Dept. of Community Affairs v Burdine,
 
 450 US, at 254). However, if the defendant’s evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff, then the presumption raised by the prima facie case is rebutted and " 'drops from the case’ ”
 
 (St. Mary’s Honor Ctr. v Hicks,
 
 509 US 502, 507 [citation omitted]).
 

 Despite the absence of the presumption, plaintiff is still entitled to prove that the legitimate reasons proffered by de
 
 *630
 
 fendant were merely a pretext for discrimination
 
 (see, e.g., McDonnell Douglas Corp. v Green,
 
 411 US, at 805 [claimant "must be given a full and fair opportunity to demonstrate by competent evidence that the presumptively valid reasons for his rejection were in fact a coverup for a * * * discriminatory decision”]). This may be accomplished when it is "shown
 
 both
 
 that the reason was false,
 
 and
 
 that discrimination was the real reason”
 
 (St. Mary’s Honor Ctr. v Hicks,
 
 509 US, at 515 [emphasis in original]).
 

 "The factfinder’s disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant’s proffered reasons will
 
 permit
 
 the trier of fact to infer the ultimate fact of intentional discrimination”
 
 (St. Mary’s Honor Ctr. v Hicks,
 
 509 US, at 511 [emphasis in original]).
 

 On the other hand, "[i]t is not enough * * * to disbelieve the employer; the fact finder must
 
 believe
 
 the plaintiffs explanation of intentional discrimination”
 
 (St. Mary’s Honor Ctr. v Hicks,
 
 509 US, at 519 [emphasis in original]) for plaintiff to prevail. Thus, even if the employer’s reason is "unpersuasive, or even obviously contrived”
 
 (St. Mary’s Honor Ctr. v Hicks,
 
 509 US, at 524), plaintiff always has the ultimate burden of proof to show that intentional discrimination has occurred under a consideration of all the evidence
 
 (Texas Dept. of Community Affairs v Burdine,
 
 450 US, at 253;
 
 St. Mary’s Honor Ctr. v Hicks,
 
 509 US, at 507-508).
 

 The defendant has confused plaintiff’s ultimate burden with the showing needed to withstand a summary judgment motion. Generally, a plaintiff is not required to
 
 prove
 
 his claim to defeat summary judgment
 
 (see, Zuckerman v City of New York,
 
 49 NY2d 557, 562;
 
 Sillman v Twentieth Century-Fox Film Corp.,
 
 3 NY2d 395, 404 ["'issue-finding, rather than issue-determination, is the key to the procedure’ ”] [citation omitted]). As stated in
 
 Criley v Delta Air Lines
 
 (119 F3d 102), "[t]o defeat a properly supported motion
 
 for
 
 summary judgment in an age discrimination case, plaintiffs must 'show that there is a material issue of fact as to whether (1) the employer’s asserted reason for [the challenged action] is false or unworthy of belief
 
 and
 
 (2) more likely than not the employee’s age was the real reason’ ”
 
 (id.,
 
 at 104 [emphasis in original], quoting
 
 *631
 

 Woroski v Nashua Corp.,
 
 31 F3d 105, 108-109,
 
 supra
 
 [2d Cir];
 
 see also, Gallo v Prudential Residential Servs., Ltd. Partnership,
 
 22 F3d 1219, 1225 [2d Cir]).
 

 It is not the court’s function on a motion for summary judgment to assess credibility
 
 (see, Glick & Dolleck v Tri-Pac Export Corp.,
 
 22 NY2d 439, 441;
 
 Capelin Assocs. v Globe Mfg. Corp.,
 
 34 NY2d 338, 341). Moreover, in accordance with the oft-recited standards for summary judgment, it is the movant who has the burden to establish his entitlement to summary judgment as a matter of law
 
 (see, Zuckerman v City of New York,
 
 49 NY2d, at 562;
 
 Sommer v Federal Signal Corp.,
 
 79 NY2d 540, 555). Thus, to prevail in this case, defendant must demonstrate that the firing was based upon nondiscriminatory reasons.
 

 We have stated that "discrimination is rarely so obvious or its practices so overt that recognition of it is instant and conclusive, it being accomplished usually by devious and subtle means”
 
 (300 Gramatan Ave. Assocs. v State Div. of Human Rights,
 
 45 NY2d 176, 183). However, upon a proper showing, summary judgment is "a highly useful device for expediting the just disposition of a legal dispute”
 
 (Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M.,
 
 83 NY2d 178, 182). For example, if the defendant had demonstrated an absence of even a prima facie case, summary judgment would be proper
 
 (see, Ioele v Alden Press,
 
 145 AD2d 29, 34-36). Similarly, if plaintiff had been unable to raise a question of fact concerning either the falsity of defendant’s proffered basis for the termination or that discrimination was more likely the real reason, summary judgment would have been appropriate. However, here, the credibility issues raised by the plaintiff are sufficient to allow this case to go forward.
 

 The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Levine, Ciparick and Wesley concur.
 

 Order affirmed, etc.