OPINION OF THE COURT
Andrew V. Siracuse, J.
This is a summary judgment motion by the defendant. The plaintiff in this case, Andrew Dunadee, is 75. He applied to the defendant County for three separate clerk/typist jobs, and although his civil service examination scores placed him among the three highest-scoring examinees, he was not hired for any of the three positions. He brought this lawsuit alleging age discrimination.
*606 The threefold pattern of application, interview and rejection is at the heart of the case; no interviewer at any time suggested a discriminatory intent, but plaintiff finds the fact that he was rejected three times as itself creating a suggestion of discrimination. Beyond this pattern, however, he has presented no evidence to call the County’s explanations into question, only argument and supposition. Because no question of fact exists as to the bona tides of these explanations, the County’s summary judgment motion must be granted.
In moving for summary judgment, the County submitted affidavits from the interviewers in all three jobs, and their depositions (along with the plaintiff’s) are in the plaintiff’s answering papers. These statements present facially valid and convincing nondiscriminatory reasons for hiring other candidates for the positions at issue.
Plaintiff first applied to the County Law Department. The open position required an employee who could run papers to the courthouse and who would be able to do extensive periods of copying while standing at a copier. Mr. Dunadee stated at the interview that he had a bad knee and could neither stand for any length of time nor bring papers to the courthouse. He did not ask if accommodation could be made for this disability. He also sang at the interview, something that “was considered inappropriate.” Another eligible candidate was eventually offered the job. Although not one of the three highest-scoring examinees, the successful applicant was a current employee hired through the internal transfer process. In his deposition, plaintiff first denied any recollection of the interviewer’s questioning him about the copying and messengering duties, then qualified his denial by adding that the subject probably came up, but that he did not recall it.
Plaintiff was next interviewed for a clerk/typist position at the County’s HIV clinic, and the supervisor decided to hire another candidate who had extensive customer service experience. Because much of the work of this position involved interacting with clients, many of them distressed and critical of their care, the supervisor preferred a person who had a history of handling complaints from dissatisfied customers. Although the person hired had experience only in retail, the retail experience and the candidate’s interpersonal skills were felt to fit better with the needs of the clinic. This person’s examination score was comparable to Mr. Dunadee’s.
The final position for which Mr. Dunadee was interviewed was as a clerk/typist within the Civil Service Unit itself, and *607 early in the interview Mr. Dunadee told the interviewer “emphatically” that he did not like the civil service system. He also preferred to deal with people face-to-face rather than by telephone. The interviewer was concerned about both assertions, since the position was often the first contact people had with the civil service system and its occupant was frequently called upon to guide people through the application process. Mr. Dunadee’s dislike of the system would make it difficult for him to carry out these duties properly. Furthermore, most contact with the public was by phone.
As the Court of Appeals has recently stated, “[t]o defeat a properly supported motion for summary judgment in an age discrimination case, plaintiffs must ‘show that there is a material issue of fact as to whether (1) the employer’s asserted reason for [the challenged action] is false or unworthy of belief and (2) more likely than not the employee’s age was the real reason’ ” (Ferrante v American Lung Assn., 90 NY2d 623, 630 [citations omitted]). The County concedes that the plaintiff has established a prima facie case sufficiently to cast upon the defendant the burden of showing nondiscriminatory reasons for its actions. After having done so, however, the defendant essentially nullified the plaintiff’s prima facie case, with its explanations, and it is then incumbent upon the plaintiff to present evidence in admissible form to call those reasons into question:
“[I]f plaintiff * * * [is] unable to raise a question of fact concerning either the falsity of defendant’s proffered basis for the termination or that discrimination was more likely the real reason, summary judgment * * * [is] appropriate” (Ferrante v American Lung Assn., 90 NY2d 623, 631, supra).
The Court of Appeals upheld a grant of summary judgment under these circumstances in Scott v Citicorp Servs. (91 NY2d 823, 825), holding:
“Defendants in this race discrimination action moved for summary judgment, and met their burden of rebutting the prima facie case of discrimination by setting forth evidence of an independent, nondiscriminatory reason for terminating plaintiff’s employment. In response, plaintiff did not raise a question of fact concerning the falsity of defendants’ proffered basis for the termination and that discrimination was more likely the real reason for his termination (compare, Ferrante v American Lung *608 Assn., 90 NY2d 623). Accordingly, defendants’ motion for summary judgment was properly granted.”
Plaintiff in the present case has, similarly, presented no evidence at all on these crucial points. Instead, he apparently relies on a recent Second Department case (Matter of Classic Coach v Mercado, 280 AD2d 164), suggesting that, since the recent Supreme Court decision in Reeves v Sanderson Plumbing Prods. (530 US 133), there is always a question of fact as to the bona tides of the defendant’s explanations for its acts.
Classic Coach, however, was an appellate review of a determination of the State Division of Human Rights, and the Appellate Division was required to decide only if there was substantial evidence to support the decision. It is not a guide to the standard of proof required in summary judgment posture. Contrary to what the plaintiff suggests, this standard was not changed by Sanderson. Although that case called into question certain interpretations of the earlier case of St. Mary’s Honor Ctr. v Hicks (509 US 502), it reiterated the summary judgment standard adhered to by the Court of Appeals, as the italicized portions of this excerpt suggest:
“[A] plaintiff’s prima facie case, combined with sufficient evidence to find that the employer’s asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.
“This is not to say that such a showing by the plaintiff will always be adequate to sustain a jury’s finding of liability. Certainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant’s explanation, no rational fact-finder could conclude that the action was discriminatory. For instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer’s decision, or if the plaintiff created only a weak issue of fact as to whether the employer’s reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred” (530 US 133, 148 [emphasis added]).
The Second Circuit recently granted summary judgment to the defendant in another age discrimination case, Abdu-Brisson v Delta Air Lines (239 F3d 456), and its interpretation of Reeves is identical with the holding in Ferrante:
*609 “[A] plaintiff must first establish a prima facie case of age discrimination * * * Once the plaintiff has made out a prima facie case, the employer is required to offer a legitimate, nondiscriminatory business rationale for its actions * * * If the employer articulates such a reason, the presumption of age discrimination dissolves, and the burden shifts back to the plaintiff to prove that the employer’s stated reasons are merely pretextual and that age discrimination was the true reason for the adverse employment action * * *
“Although Plaintiffs met their de minimis burden of establishing a prima facie case of age discrimination, they have failed to produce sufficient evidence to support a rational finding that the nondiscriminatory business reasons proffered by the defendant for the challenged employment actions were false” (239 F2d 456, 466, 470).
This precisely describes the legal situation in the present case. While it is certainly true that “[i]t is not the court’s function on a motion for summary judgment to assess credibility” (Ferrante v American Lung Assn., supra, 90 NY2d at 631), it is also not proper to suspect the credibility of either party’s submissions in the absence of affirmative evidence that casts them into doubt. In this case there are no credibility issues to be resolved. The plaintiff has presented no evidence that the reasons given by the defendant are pretextual At oral argument his attorney claimed that he had established a prima facie case and that the jury was entitled to disbelieve the County’s explanations, because the plaintiff was qualified for the jobs in Human Resources (the civil service position) and the Health Department and could perform all the enumerated duties in the job descriptions. Qualification for a job, however, is not entitlement to it. Candidates are called for interviews because they appear to be qualified for the open position. If the interviewing process is to be meaningful and useful, it serves to determine who among the qualified applicants is best suited to the position.
Plaintiff has misconstrued his burden, which is to provide some evidentiary showing that the County’s explanations are false. He has failed to do so. The only evidence that might be considered, in fact, is the list of duties for the job in the HIV clinic, which is found in the plaintiff’s papers. This list, however, contains a number of duties involving direct contact with the clinic’s clientele. In addition, the special needs of that clientele and the skills necessary to meet them were within the *610 interviewer’s knowledge and were reasonably set forth in the County’s papers.
Without evidence that raises an issue as to the bona fides of the proffered reasons for hiring others, Mr. Dunadee is left without a foundation for his action. The defendant’s motion is granted and the complaint dismissed, without costs or disbursements.