■ MARGARET STRASSBERG, Respondent, v ERIC LONG et al., Appellants. [752 NYS2d 625] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered April 9, 2002, which, upon the grant of reargument, denied defendants' previously granted motion for summary judgment dismissing the complaint and reinstated the complaint, unanimously affirmed, without costs.

The motion court properly determined that plaintiff established a prima facie case of age-based employment discrimination. Defendants failed to preserve their argument that plaintiff did not demonstrate that she suffered an adverse employment action, and we decline to reach it. Were we to reach it, we would reject it, finding that plaintiff suffered an adverse employment action when she was offered a job other than the one she had performed for almost 20 years. Furthermore, plaintiff and her corporate employer had agreed to her reinstatement in a settlement entered into during the course of a union grievance hearing.

Once plaintiff established a prima facie case of employment discrimination based on age, including the showing of an adverse employment action (*see Holtz v Rockefeller & Co.*, 258 F3d 62, 76-77), the burden shifted to defendants to set forth a valid reason for the action taken (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 629). Defendants met this burden by asserting that plaintiff was offered the alternative job so she could be more closely supervised due to the history of customer complaints and disciplinary actions against her. However, plaintiff made a showing necessary to avoid summary judgment by adducing proof indicating that one of the defendants referred to hiring someone younger immediately before a meeting of all defendants resulting in the alternative job offer (*see id.* at 630-631).

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Sullivan, Rosenberger and Lerner, JJ.