■ JOHNNIE JEFFERIES, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [780 NYS2d 1]—

Order, Supreme Court, Bronx County (Jerry L. Crispino, J.), entered July 25, 2003, which denied defendant Housing Authority's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, defendant's motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Although a plaintiff's burden of establishing a prima facie case in the context of employment discrimination law is minimal, here, plaintiff's discrimination claim is based on his unsubstantiated allegation that his former supervisor Ray pressured Dunn, a trainee whom plaintiff supervised, into filing a false sexual harassment complaint because of racial animus. However, notwithstanding plaintiff's allegations, the record shows that his discharge occurred after a disciplinary hearing

pursuant to Civil Service Law § 75, which resulted in a determination that he had engaged in sexual harassment. The Housing Authority's determination was affirmed by the New York City Civil Service Commission, an independent tribunal.

Plaintiff provides no basis, except for his self-serving assertions, to support his claim that discovery will lead to relevant evidence. In light of a record that substantiates that plaintiff was discharged as a result of his own wrongful conduct, based upon plaintiff's admission to most of the complained-of conduct, including authoring a love letter to Dunn, his claim of needed discovery amounts to no more than mere hope of uncovering some evidence to prove his claims. While it is apparent that plaintiff and his supervisor had several conflicts, plaintiff has not demonstrated how further discovery might reveal the existence of material facts with respect to the reason for his termination which would warrant the denial of summary judgment.

In any event, assuming a prima facie case, plaintiff failed to raise an issue of fact as to whether the Housing Authority's legitimate nondiscriminatory reason for terminating him was pretextual. In this regard, plaintiff had to raise a question of fact concerning "either the falsity of [the Housing Authority's] proffered basis for the termination or that discrimination was more likely the real reason" (*Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]). Concur—Nardelli, J.P., Andrias, Ellerin and Friedman, JJ.