■ LAWRENCE PROPERTIES, INC., et al., Appellants, v BROWN HARRIS STEVENS RESIDENTIAL MANAGEMENT, LLC, et al., Respondents. [835 NYS2d 2]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered October 20, 2005, which granted defendants'

---

motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiffs Lawrence Properties and Bernstein Management provide management services respectively to condominium and cooperative apartment buildings and to office buildings. On August 17, 1998, defendant Donald Levy (Levy) was hired by Lawrence to act as a property manager and director of management. Some two years later, on August 18, 2000, Levy entered into a noncompetition and confidentiality agreement in favor of Lawrence and retroactive to Levy's date of employment with Lawrence. At Levy's request, two buildings, located at 983 Park Avenue and 155 East 49th Street in Manhattan, were specifically excluded from the terms of this agreement. In addition to maintaining the confidentiality of Lawrence's client data, the agreement provided that should Levy leave Lawrence's employ for any reason, he would not solicit any of Lawrence's clients for a period of 12 months after his employment with Lawrence was terminated.

On February 2, 2004, Levy gave notice that he was resigning from Lawrence, effective February 13, to join another residential property management firm, defendant Brown Harris Stevens Residential Management. Levy executed a termination agreement with Lawrence on February 13, 2004, wherein he ratified the terms of the noncompetition agreement.

The gravamen of this action involves a residential cooperative known as 50 Sutton Place. Levy had dealings with that property and its board of directors since 1997, and was personally managing the property during the time he was employed by Insignia Residential, the company he worked for before joining Lawrence. He attempted to bring this property with him when he joined Lawrence, but the board of directors of 50 Sutton Place was reluctant to do so. According to affidavits submitted by present and former board members, Levy continued to solicit their business while he was at Lawrence.

Approximately two years after Levy joined Lawrence, the board of directors of 50 Sutton Place met with both Levy and Asher Bernstein, Lawrence's president. The two affidavits submitted by the board members in support of defendants' motion for summary judgment categorically state that the decision to retain Lawrence as property manager was made solely because Levy would be personally managing the property. However, they do not contradict Bernstein's affidavit in opposition that a presentation was made to the board by him, Levy and another Lawrence employee, Michelle Ritchie, in an effort

to obtain 50 Sutton Place's business, and the decision to retain Lawrence was made after that presentation.

On February 14, 2004, 50 Sutton Place notified Lawrence it would terminate its contract with Lawrence for residential management, effective April 30, 2004. The board subsequently retained Brown Harris Stevens as its property manager.

Plaintiffs claim Levy breached his noncompetition agreement by soliciting 50 Sutton Place. Levy argues that the nonsolicitation provisions only apply to those clients of Lawrence who were clients at the time he signed the agreement. Since 50 Sutton Place was not a client of Lawrence's as of Levy's employment on August 17, 1998, Levy contends the agreement does not apply. In any event, Levy argues that he did not solicit 50 Sutton Place and that the board, as it had in the past, followed him to his new employer.

Defendants moved for summary judgment prior to the completion of discovery and submitted the aforementioned affidavits in support. Plaintiffs opposed, arguing that Bernstein's affidavit raised issues of fact requiring a trial. The IAS court granted defendants' motion and dismissed the complaint, holding there was no dispute that 50 Sutton Place came to Lawrence "solely because of a prior relationship with Mr. Levy" and that Levy did not violate the noncompetition agreement.

Defendants, as movants, bore the initial burden of establishing entitlement to judgment as a matter of law by submitting evidence in admissible form which eliminates any material issues of fact from the case (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Plaintiffs, in opposition, must demonstrate the existence of genuine, triable issues of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

50 Sutton Place did not become a client of Lawrence until approximately two years after Levy became associated with Lawrence. Although both board members aver that their prior experience with Levy was the major factor in the decision to retain Lawrence, one affidavit noted that the board's increasing dissatisfaction with Insignia, their prior management agency during that two-year period, played a role in the decision to seek other management. Moreover, although Levy contends that during that entire two-year time span he solicited 50 Sutton Place's business, it was not until after he, Bernstein and Ritchie made a formal presentation to Sutton's board that the decision was made to move to Lawrence. While the board members in their affidavits attempt to minimize or discount the effect of this presentation, it is "not the court's function on a motion for summary judgment to assess credibility" (*Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]).

At no time during his employment with Lawrence did Levy seek to place 50 Sutton Place on the list of other properties excluded from the coverage of the noncompetition agreement (*BDO Seidman v Hirshberg*, 93 NY2d 382 [1999]). The celerity with which the board terminated their contract with Lawrence after Levy advised them that he was leaving Lawrence's employ contrasts sharply with their delay of two years in leaving Insignia and coming over to Lawrence, and creates a further issue of fact as to whether Levy induced the board to terminate its affiliation with Lawrence.

Because genuine, material issues of fact exist, the motion for summary judgment should have been denied (*Zuckerman*, 49 NY2d at 562). Concur—Mazzarelli, J.P., Andrias, Friedman, Sweeny and Kavanagh, JJ.