Derrick **ANDERSON**, Plaintiff–Appellant,

v.

The **HERTZ CORPORATION**, Defendant–Appellee.

No. 07–3418–cv.

United States Court of Appeals, Second Circuit.

Dec. 22, 2008.

---

Michael H. Sussman, Sussman & Watkins, Goshen, NY, for Appellant.

Kenneth W. DiGia, Epstein Becker & Green, P.C., New York, N.Y. (Frank B. Shuster, Constangy, Brooks & Smith, LLC, Atlanta, GA, of counsel), for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff Derrick Anderson, who is an African–American, brought suit against Defendant Hertz Corporation for terminating his employment on the basis of his race in violation of 42 U.S.C. § 1981 and New York State Executive Law § 296. Pursuant to a July 30, 2007, decision and order, the district court granted Hertz's motion for summary judgment. *Anderson v. Hertz Corp.,* 507 F.Supp.2d 320, 331 (S.D.N.Y.2007). Anderson now appeals. We assume the parties' familiarity with the facts and procedural history of the case, and the issues on appeal.

Anderson claims that the district court erred in concluding that he had not established a prima facie case of discrimination pursuant to the "burden-shifting" framework established by *McDonnell Douglas Corporation v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See also Hudson v. Int'l Bus. Mach. Corp.,* 620 F.2d 351, 354 (2d Cir.1980) (*McDonnell Douglas* criteria applies to section 1981 cases.); *Ferrante v. Am. Lung Ass'n,* 90 N.Y.2d 623, 629, 665 N.Y.S.2d 25, 687 N.E.2d 1308 (1997) (*McDonnell Douglas* criteria applies to the "standards for recovery under section 296 of the Executive Law.").

Even were we to assume that Anderson could establish a prima facie case of discrimination, Hertz has satisfied its burden of articulating a legitimate nondiscriminatory reason for Anderson's termination— that Anderson was a branch manager and, irrespective of who actually initiated the physical altercation between Anderson and one of his subordinates, Anderson should have defused the situation before it came

to blows. Hertz has a policy authorizing termination of employees for "[d]isorderly conduct, fighting, or attempting to fight on employer's property or while on duty."

Because Hertz has proffered a legitimate non-discriminatory reason for its action, Anderson has the burden of demonstrating, without the benefit of any presumption, that there is "sufficient evidence upon which a reasonable jury could conclude by a preponderance of the evidence that the decision to fire him was based, at least in part, on the fact that" he was an African–American. *Holcomb v. Iona Coll.*, 521 F.3d 130, 141 (2d Cir.2008). He does not do so.

As the district court noted, Al Regner, Hertz's New York Region Employee Relations Manager, participated in the decision to terminate Anderson's employment only ten months after he participated in the decision to hire Anderson. *Anderson,* 507 F.Supp.2d at 329–30. Under these circumstances it is "difficult to impute ... an invidious motivation that would be inconsistent with the decision to hire" where, as here, "the firing has occurred only a short time after the hiring." *Grady v. Affiliated Cent., Inc.,* 130 F.3d 553, 560 (2d Cir.1997). In any event, Anderson points to no evidence suggesting that Regner harbored any racial animus towards him or others, or that Regner knew that any of Anderson's subordinates were prejudiced against Anderson.

In an attempt to rebut the "same actor" inference, Anderson contends that "[t]he actual decision to terminate [him] was made by Scott Davis, the area manager, and David Schulte, the regional vice president." Even if so, Anderson has not proffered any evidence to support the proposition that either of them was motivated by racial animus.

In sum, no reasonable juror could conclude by a preponderance of the evidence that the decision to fire Anderson was based, at least in part, on the fact that he was an African–American.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.