■ GREGORY Z. BEDNY, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent. [923 NYS2d 88]—

Determination of respondent State Division of Human Rights, dated July 24, 2009, which dismissed petitioner's employment discrimination claim, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New

York County [Marcy S. Friedman, J.], entered June 21, 2010), dismissed, without costs.

Substantial evidence supports the determination that petitioner was not the victim of unlawful discrimination (*see Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.*, 59 NY2d 69 [1983]). Even assuming that petitioner met his prima facie burden of showing that he was unlawfully discriminated against on the basis of his national origin or age (*see generally Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]; Executive Law § 296 [1] [a]), respondent established a legitimate and nondiscriminatory reason as to why the academic institution chose not to hire him. There was ample testimony showing that the successful candidate had superior references and experience tailored to the department's goals. The mere fact that the candidate had not yet attained his Ph.D. is unavailing. Petitioner's own expert testified that it is common for an academic institution to hire such candidates where, as here, the completion of a Ph.D. is imminent.

The record also supports the finding that petitioner failed to rebut these nondiscriminatory reasons and did not demonstrate that they were pretextual (*see Bendeck v NYU Hosps. Ctr.*, 77 AD3d 552, 554 [2010]).

We have considered petitioner's remaining contentions, and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Acosta, Renwick and DeGrasse, JJ.