■ WILLIAM SANACORE, Respondent, v HSBC SECURITIES (USA), INC., Appellant. [952 NYS2d 13]—

Defendant established prima facie that it terminated plaintiff not because of his disability but for the legitimate, nondiscriminatory reasons that he was insubordinate in refusing to implement certain new administrative and monitoring initiatives and that he had lied about obtaining the required pre-approval for two large transactions. In opposition, plaintiff raised an issue of fact whether defendant's proffered reasons for terminating him were pretextual (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 629-630 [1997]). He showed, among other things, that he was rated as being in compliance with certain of the business metrics that defendant claims he resisted and that other financial advisors had violated the pre-approval requirement for large transactions without any adverse consequence.

With respect to plaintiff's claim that defendant also terminated him in retaliation for a complaint of discrimination, defendant contends that that complaint—that the bank branch manager's takeover of plaintiff's office was discriminatory—was not objectively reasonable and that therefore in making it plaintiff was not engaged in a protected activity (*see Reed v A.W. Lawrence & Co., Inc.*, 95 F3d 1170, 1178 [2d Cir 1996]). On the day that he returned to work from the first of two surgeries for his bone cancer, plaintiff learned that he had been removed from the private office he had used for three years and his files and personal belongings deposited in a workstation on the branch's open platform. We find that plaintiff could reasonably have believed that defendant's reasons for depriving him of his private office were discriminatory (*see Moyo v Gomez*, 32 F3d 1382, 1386 [9th Cir 1994], *cert denied sub nom. California Dept. of Corr. v Moyo*, 513 US 1081 [1995] [assessing reasonableness of belief requires "due allowance . . . for the limited knowledge possessed by most Title VII plaintiffs about the factual and legal bases of their claims"]).

We have reviewed defendant's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Saxe, DeGrasse, Freedman and Román, JJ.