# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1136**
**CA 12-00801**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND VALENTINO, JJ.

---

DAVID L. CLARK, PLAINTIFF-RESPONDENT,

V                                                  MEMORANDUM AND ORDER

THRUWAY FASTENERS, INC., DEFENDANT-APPELLANT.

---

BENDER & BENDER, LLP, BUFFALO (BRENDA J. JOYCE OF COUNSEL), FOR
DEFENDANT-APPELLANT.

CHIACCHIA & FLEMING, LLP, HAMBURG (LISA A. POCH OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County
(Catherine R. Nugent Panepinto, J.), entered December 20, 2011. The
order denied the motion of defendant for summary judgment dismissing
the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Supreme Court properly denied defendant's motion for
summary judgment seeking dismissal of the complaint in this employment
discrimination action. According to plaintiff, defendant unlawfully
discriminated against him because of his disability resulting from the
death of his daughter. An at-will employee such as plaintiff may
lawfully be discharged for any reason other than a statutorily
impermissible reason or, indeed, for no reason (*see Matter of State
Div. of Human Rights v County of Onondaga Sheriff's Dept.*, 71 NY2d
623, 630). Executive Law § 296 (1) (a) makes it an "unlawful
discriminatory practice" to discharge an individual "because of" his
or her disability.

To prevail on its motion, defendant was required to "demonstrate
either plaintiff's failure to establish every element of intentional
discrimination, or, having offered legitimate, nondiscriminatory
reasons for [its] challenged actions, the absence of a material issue
of fact as to whether [its] explanations were pretextual" (*Forrest v
Jewish Guild for the Blind*, 3 NY3d 295, 305). Here, although
defendant met its burden on the motion of offering a legitimate,
nondiscriminatory reason for firing plaintiff, i.e., a failed drug
test, we agree with plaintiff that on the record before us there are
triable issues of fact concerning whether the reason proffered by
defendant was a pretext for discrimination (*see generally id.*).
Plaintiff established that defendant's substance abuse policy was

discretionary as to the discipline imposed for the violation of that policy, and plaintiff testified at his deposition that defendant's president assured him after he failed the drug test that it was not a problem and not to worry.  In addition, plaintiff testified at his deposition that defendant's president did not discuss the failed drug test at the meeting when plaintiff was fired.  Plaintiff established that his supervisor and defendant's president were aware that he was seeing therapists and taking medication for depression and anxiety since the death of his daughter 14 months earlier.  Further, plaintiff testified at his deposition that defendant's president told him at the meeting when he was fired that he was not the same person he had been before his daughter died.  We conclude that plaintiff established that there are triable issues of fact "both [whether] the stated reasons were false and [whether] discrimination was the real reason" (*id.; see Ferrante v American Lung Assn.*, 90 NY2d 623, 629-630).

Entered:  November 9, 2012

Frances E. Cafarell
Clerk of the Court