■ BRANDI A. WALZER, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents, et al., Respondents. [986 NYS2d 429]—

Orders, Supreme Court, New York County (Arthur F. Engoron, J.), entered February 8, 2013, which granted defendants' motions to dismiss the complaint, unanimously modified, on the law, to the extent of reinstating the discrimination claims under the State and City Human Rights Laws, and otherwise affirmed, without costs.

Applying the liberal pleading standards applicable to employment discrimination claims under the State and City Human

Rights Law (*see Vig v New York Hairspray Co., L.P.,* 67 AD3d 140, 145 [1st Dept 2009]; Executive Law § 296 [1] [a]; Administrative Code of City of NY § 8-107 [1] [a]), plaintiff has stated causes of action for violations of the Human Rights Laws based on sex discrimination. Plaintiff, a former provisional road car inspector with defendant New York City Transit Authority, sufficiently alleged, inter alia, that despite similar, if not better qualifications, she was not hired to the position of cleaner while other former provisional road car inspectors, who were males, were hired to the same position (*see generally Ferrante v American Lung Assn.,* 90 NY2d 623, 629 [1997]).

Plaintiff's claims for negligence and negligent hiring and supervision fail because she did not exhaust her administrative remedies as was required (*see Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57 [1978]). Furthermore, these claims, which seek to challenge an administrative agency's decision, are governed by CPLR article 78, and a four-month statute of limitations (*see* CPLR 217 [1]), which plaintiff failed to meet. Concur—Tom, J.P., Acosta, Moskowitz, Gische and Clark, JJ.