Rawls v Simon (2018 NY Slip Op 00016)





Rawls v Simon


2018 NY Slip Op 00016


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Manzanet-Daniels, J.P., Mazzarelli, Andrias, Gesmer, Oing, JJ.


5331 305509/14

[*1]Darryls Rawls, Plaintiff-Respondent,
v
David Simon, et al., Defendants-Appellants.


Rivkin Radler LLP, Uniondale (Stuart M. Bodoff of counsel), for appellants.
Diamond & Diamond, Brooklyn (Stuart Diamond of counsel), for respondent.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about February 22, 2017, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Triable issues of fact exist in this action where plaintiff pedestrian was struck by defendants' vehicle. The record shows that the parties disagree about where the accident occurred with plaintiff asserting that he emerged from the back of a bus, raising an issue as to whether defendant driver had an opportunity to see him prior to the collision, whereas defendant maintains that plaintiff stepped out from in front of the bus, giving him no time to react. Moreover, defendant testified that he was traveling between 25 and 27 miles per hour at the time of the impact, but given that the front of the bus, by his own testimony, was 2½ car lengths from a red light, issues of fact exist as to whether defendant was traveling at an excessive speed, and whether he would have had time to react had he been traveling at a slower speed as he approached the light (see e.g. Gelster v Jaoude, 81 AD3d 1297 [4th Dept 2011]; compare DeJesus v Alba, 63 AD3d 460 [1st Dept 2009], affd 14 NY3d 860 [2010]). Such conflicting versions of how the accident occurred raise credibility issues, and "[i]t is not the court's function on a motion for summary judgment to assess credibility" (Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK