DeFreitas v Bronx Lebanon Hosp. Ctr. (2019 NY Slip Op 00375)





DeFreitas v Bronx Lebanon Hosp. Ctr.


2019 NY Slip Op 00375


Decided on January 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2019

Friedman, J.P., Kapnick, Gesmer, Oing, Moulton, JJ.


307223/09 8146 8145

[*1]Paula DeFreitas, et al., Plaintiffs-Respondents,
v
The Bronx Lebanon Hospital Center, Defendant-Appellant.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Celena R. Mayo of counsel), for appellant.
Echtman & Etkind, LLP, New York (David Etkind of counsel), for respondents.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about December 20, 2017, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Order, same court (George J. Silver, J.), entered on or about May 31, 2018, which denied defendant's motion pursuant to CPLR 603 to sever the trial of plaintiff Sinclair's claims from that of plaintiffs DeFreitas and Walker, unanimously affirmed, without costs.
In opposition to defendant's motion for summary judgment dismissing the complaint alleging age discrimination in employment, plaintiffs met their burden under the New York State Human Rights Law (Executive Law § 296[1][a]) of showing that a material issue of fact exists as to whether defendant's stated reason for terminating DeFreitas's and Walker's employment is false or unworthy of belief and that more likely than not their age was the real reason (see Ferrante v American Lung Assn., 90 NY2d 623, 630 [1997]).
While defendant claims budgetary reasons for terminating DeFreitas and Walker, who were patient care managers (PCMs), there is evidence that off-shift PCMs did not experience a reduction in force (RIF) and that new, younger individuals were hired. An issue of fact exists as to whether the new employees replaced plaintiffs (see e.g. Ashker v International Bus. Machs. Corp., 168 AD2d 724 [3d Dept 1990]). Defendant relies on a chart prepared by Dr. Jeanine Frumenti, vice president of the nursing department, showing that plaintiffs' positions were eliminated (see Bailey v New York Westchester Sq. Med. Ctr., 38 AD3d 119, 124 [1st Dept 2007]). However, Frumenti prepared the chart after her deposition, and the chart does not indicate the source of the information.
Issues of fact also exist as to the performance evaluation forms on which defendant relies and as to the way the RIF was conducted. Cindy Elliott's testimony echoes DeFreitas's claim that Elliott was an unsuitable evaluator of her work, and Prissana Alston, who evaluated Walker, could name no employee other than Walker whose evaluation, during the period 2008 to 2010, was revised by Frumenti. As to the RIF, there is evidence that, after DeFreitas and Walker were terminated, significantly younger probationary employees remained employed (cf. Hamburg v New York Univ. Sch. of Medicine, 155 AD3d 66, 77 [1st Dept 2017] [employees retained while plaintiff's contract was not renewed were "essentially the same age as plaintiff"]).
Plaintiff Sinclair was terminated after being granted a requested transfer from the night shift to the day shift and a different department, where she received poor performance evaluations. In a departure from defendant's internal procedures, upon termination, Sinclair was not considered for return to her original position. Defendant failed to demonstrate as a matter of law that this departure from procedure was solely for nondiscriminatory reasons. Moreover, Sinclair testified that Monica Chambers, who evaluated her, made negative comments related to age and Chambers did not refute having made them. In view of the foregoing, plaintiffs [*2]also raised issues of fact sufficient to defeat summary judgment under the more lenient "mixed motive" standard applicable to their claims under the New York City Human Rights Law (Administrative Code of City of NY § 8-107[1][a]) (see Hamburg, 155 AD3d at 72-73).
Defendant failed to show that severance of Sinclair's trial from that of the other plaintiffs would be "[i]n furtherance of convenience" (CPLR 603). Although DeFreitas's and Walker's circumstances are not identical to Sinclair's, the common elements outweigh the differences, and trial of the claims will entail much of the same evidence and many of the same witnesses. Defendant also failed to show that the prejudice it will suffer if all claims are tried together outweighs the prejudice to plaintiffs, i.e., delays and higher litigation costs, resulting from severance.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 22, 2019
CLERK