| **Floyd v Jewish Bd. of Family & Children's Servs.** |
| :---: |
| 2024 NY Slip Op 30802(U) |
| March 13, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155925/2019 |
| Judge: James E. d'Auguste |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 55

-----------------------------------------------------------------------X

PRECIOUS FLOYD,

| | |
|---|---|
| INDEX NO. | 155925/2019 |
| MOTION DATE | 06/08/2022 |
| MOTION SEQ. NO. | 001 |

Plaintiff,

- v -

JEWISH BOARD OF FAMILY AND CHILDREN'S
SERVICES,

Defendant.

**DECISION + ORDER ON
MOTION**

-----------------------------------------------------------------------X

Hon. James E. d'Auguste:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85

were read on this motion to/for         SUMMARY JUDGMENT (BEFORE JOINDER)

Defendant, Jewish Board of Family and Children's Services, moves, pursuant to CPLR

3212, for summary judgment dismissing the Complaint in this action for, among other things,

discrimination based on gender and sexual orientation.

## BACKGROUND

Plaintiff, Precious Floyd, commenced this action seeking to recover damages from

defendant for hostile work environment and wrongful termination, based on gender and sexual

orientation, in violation of Administrative Code of the City of NY ("Administrative Code") §§ 8-

101 et seq., the New York City Human Rights Law ("NYCHRL") (*see* Complaint, NYSCEF

Doc. No. 1). She bases her claims on the following factual allegations.

155925/2019   FLOYD, PRECIOUS vs. JEWISH BOARD OF FAMILY AND
Motion No. 001

Page 1 of 8

Plaintiff states, in essence, that she began working for defendant in 2015; that she received promotions in 2016 and 2018; that from November 2018 to January 2019, her supervisor, Israel Levy, subjected her to a hostile work environment after she inadvertently disclosed to him that she is a married lesbian; and that she was wrongfully terminated on January 10, 2019, based on her gender and sexual orientation, in violation of the NYCHRL (*id.*).

Defendant's answer includes general denials of the allegations in the Complaint and multiple affirmative defenses, such as that plaintiff's termination was justified by business necessity due to her improper time management (*see* Answer, NYSCEF Doc. No. 4).

Defendant now seeks summary judgment dismissing the Complaint.

## DISCUSSION

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The court must view the evidence in the light most favorable to the nonmoving party (*see Branham v Loews Orpheum Cinemas, Inc.*, 8 NY3d 931, 932 [2007]). The failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). However, once the movant makes a prima facie showing of entitlement to summary judgment, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (*see Zuckerman v City of New York, supra,* at 562).

In reviewing a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party *(see Branham v Loews Orpheum Cinemas, Inc.,*

155925/2019  FLOYD, PRECIOUS vs. JEWISH BOARD OF FAMILY AND
Motion No. 001

Page 2 of 8

*supra*). Mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient to defeat summary judgment (*see Zuckerman v City of New York, supra*).

As stated, plaintiff claims that defendant subjected her to a hostile work environment, and wrongfully terminated her, based on her gender and sexual orientation, in violation of the NYCHRL. The NYCHRL states that it shall be "an unlawful discriminatory practice" for an employer to discriminate against an individual "in compensation or in terms, conditions or privileges of employment" because of the "actual or perceived age, race, creed, color, national origin, gender ..., sexual orientation" of the individual (Administrative Code § 8-107[1][a]). The provisions of the NYCHRL must be "construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York state civil and human rights laws, including those laws with provisions worded comparably to provisions of [the NYCHRL], have been so construed" (Administrative Code § 8-130[a]).

A plaintiff alleging employment discrimination based on gender or sexual orientation has the initial burden to establish a prima facie case of discrimination (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]). To meet this burden, the plaintiff must show (1) that she is a member of a protected class; (2) that she was qualified for the position, (3) that she suffered an adverse employment action, and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination (*id.*). "The burden then shifts to the employer 'to rebut the presumption of discrimination by clearly setting forth, through the introduction of admissible evidence, legitimate, independent, and nondiscriminatory reasons to support its employment decision'" (*Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997] [citations omitted]). If the employer meets this burden, then the plaintiff must prove that the

155925/2019 FLOYD, PRECIOUS vs. JEWISH BOARD OF FAMILY AND
Motion No. 001

Page 3 of 8

3 of 8

legitimate reasons proffered by the defendant were merely pretext for the discrimination" (*see Baldwin v Cablevision Sys. Corp.*, 65 AD3d 961, 965 [1st Dept 2009]).

In assessing a motion for summary judgment dismissing a claim for discrimination under the NYCHRL, courts have affirmed the applicability of the above burden-shifting analysis, as well as the mixed-motive analysis, under which, "the employer's production of evidence of a legitimate reason for the challenged action shifts to the plaintiff the lesser burden of raising an issue as to whether the action was motivated at least in part by ... discrimination" (*Melman v Montifiore Med. Ctr.*, 98 AD3d 107, 127 [1st Dept 2012][internal quotation marks and citations omitted]).

Here, plaintiff relies, in part, on the transcript of her examination before trial ("EBT") held on January 26, 2021, to support her claim of employment discrimination (*see* Transcript, NYSCEF Doc. No. 24). Plaintiff testified that she is a gay woman with a wife (*see id*, p. 214). She also stated that she received satisfactory performance reviews, promotions, and pay raises between 2016 and 2018 (*id.*, pp. 75-76; 83-85). She further stated that she was required to clock in when she arrived at work and clock out when she left work (*id.*, pp. 94-95). In addition, plaintiff stated that she had a good professional relationship with all her supervisors until November 2018, when she inadvertently disclosed her sexual orientation and marital status to her then supervisor, Israel Levy (*id.*, pp. 117, 173). She mentioned that her supervisor made a frowning gesture "like he was disgusted" (*id.*, p. 174). Plaintiff also stated that prior to the disclosure, she had weekly meetings with Israel Levy (*id.*, pp. 119-120). She also stated that with Israel Levy's encouragement, she received a promotional opportunity (*id.*, 88). She further testified that Israel Levy even made unwelcomed sexual advances, including stroking her arm,

155925/2019  FLOYD, PRECIOUS vs. JEWISH BOARD OF FAMILY AND
Motion No. 001

Page 4 of 8

4 of 8

and often complimented her work (*id.*, pp. 117-118). Plaintiff testified that she never complained to anyone about the unwelcomed sexual advances (*id.*, p. 119).

Plaintiff stated that after she disclosed her sexual orientation and marital status, Israel Levy began to treat her differently (*id.*, p. 173). For example, she testified that he stopped responding to her telephone calls and messages, and stopped attending meetings with her (*id.*, pp. 177-180).

In response to the inquiry whether she and Israel Levy ever discussed her physical presence at work, plaintiff responded:

> "No. Okay. He basically was telling me that – okay. So one day I went to work. I called my administration. He told me to basically let the staff know when I'm leaving. There are certain times that I had to leave to go shopping or anything like that, so – or even go on break. So I basically told him that – I called him. He didn't answer, but the staff knew. And I basically told them that I was running home because I made a mess. When I called Israel, he didn't answer. So while I was on my way back, Israel called me and said, where are you? I was like, well, I told – I forget the young lady's name. I told her I had to leave because I made a mess on my pants. That was basically it. He just told me, you know, basically any time you leave, make sure you let staff know"

(*id.*, 124-125).

Plaintiff also testified that on occasion she had to go on work-related errands, and that Israel Levy has tried to call her while she was on such errands (*id.*, pp 125-128). She further stated that she would leave work during lunch, go to physical therapy for approximately 20 minutes, and then eat in her car (*id.*, p. 129).

Plaintiff also acknowledged that during one of their conversations, Israel Levy told her that he called her twice at work and she was not there (*id.*, pp. 144-145). She further testified that sometimes she "would forget to clock in" and would write in her arrival time or otherwise

155925/2019 FLOYD, PRECIOUS vs. JEWISH BOARD OF FAMILY AND
Motion No. 001

Page 5 of 8

correct her timecard, but that Israel Levy told her to stop doing so during a supervision meeting (*id.*, pp. 155-157). In addition, she stated:

> "I've always had issues with punching in and out, as far as it doubling on top. So, like, the punches would say like this. Like, I would punch out, and then I would punch in. Then when I go to punch out, it's in the a.m. section. So now I've got to go to the p.m. section and correct it. But once he said to stop doing it, I just – I had to verbally tell him"

(*id.*, pp160-161).

Plaintiff also stated that she did not recall Israel Levy making any comments that she thought were discriminatory" (*id.*, 176). She further stated that she never heard him talk to anyone referencing sexual orientation in any context (*id.*). However, she stated that Israel Levy told her that she had to clock in and out for lunch, whereas other similarly situated employees did not have to (*id.*, p. 176-177).

Construing the evidence in the light most favorable to plaintiff, the Court is satisfied that plaintiff's EBT transcript and affidavit establish she is a member of a protected class; that she was qualified for the position; and that she suffered an adverse employment action, namely termination. However, plaintiff fails to show that her termination occurred under circumstances giving rise to an inference of discrimination.

In fact, plaintiff testified that she did not recall Israel Levy making any comments that she thought were discriminatory (*id.*, p.176). Furthermore, plaintiff stated that she never heard Israel Levy talk to anybody referencing sexual orientation in any context (*id.*).

In any event, defendant meets its burden of rebutting any presumption of discrimination by offering legitimate, independent, and nondiscriminatory reasons to support its decision to terminate plaintiff. In seeking summary judgment, defendant asserts that it terminated plaintiff

**155925/2019  FLOYD, PRECIOUS vs. JEWISH BOARD OF FAMILY AND**
**Motion No. 001**

**Page 6 of 8**

6 of 8

[* 6]

for persistent, unexplained absences during the workday, discrepancies in her time records and resultant misconduct.

As stated, plaintiff acknowledges that on December 17, 2018, she went home to change after an accident, and merely alerted other staff about her actions. In addition, plaintiff testified about a conversation she had with Israel Levy during which he stated that she had been absent from work on two occasions when he called (*id.*, pp. 144-145). Plaintiff offers nothing to raise an issue as to whether the termination was motivated, at least in part, by discrimination.

Furthermore, plaintiff fails to set forth a prima facie case of discriminatory hostile work environment. To prevail on such claim, "plaintiff must show that she was subjected to harassment based on her sexual orientation and that the harassment was so pervasive as to 'alter the conditions of [her] employment and create an abusive working environment'" (*Brennan v Metropolitan Opera Assn, Inc.*, 284 AD2d 66, 72 [1st Dept 2001] [internal citations and quotations omitted]). Whether an environment would reasonably be perceived, and is perceived, as hostile or abusive can be determined only by looking at all the circumstances, which may include the frequency of the discriminatory conduct, its severity, and whether it unreasonably interfered with plaintiff's work performance (*see id.*). The NYCHRL standard is "whether defendants' conduct was more than 'petty slights and trivial inconveniences'" (*Sarr v Saks Fifth Ave. LLC*, 2016 WL 5142473, *3 [Sup Ct, NY County 2016]).

Here, plaintiff bases her claim of discriminatory hostile work environment on her testimony that Israel Levy made negative facial expressions, required her to clock out and in for lunch breaks, stopped attending meetings with her, and stopped answering her telephone calls and messages. However, isolated remarks or occasional episodes of harassment will not support a finding of a hostile or abusive work environment (*see id*).

155925/2019   FLOYD, PRECIOUS vs. JEWISH BOARD OF FAMILY AND
Motion No. 001

Page 7 of 8

Accordingly, it is

ORDERED that the motion for summary judgment is granted and the Complaint is dismissed, with costs and disbursements to defendant as taxed by the Court upon the submission of an appropriate bill of costs; and it is further

ORDERED that the Clerk is directed to enter judgment accordingly.

This constitutes the decision and order of the Court.

Dated: March 13, 2024

Enter:

_____
Hon. James d'Auguste

155925/2019   FLOYD, PRECIOUS vs. JEWISH BOARD OF FAMILY AND
Motion No. 001

Page 8 of 8

8 of 8