OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
On August 31, 1981, the Organization of African Unity (OAU) purchased a brownstone residence on East 50th Street in Manhattan, an "R8” residential zoning district. Intending to convert the house into its diplomatic mission to the United Nations — with a library on African affairs, office space for mission operations, and living quarters for personnel — OAU sought a permit from the Department of Buildings (DOB) to make the necessary alterations. New York City’s zoning resolution permits "community facilities,” which includes "nonprofit institutions” (with or without sleeping accommodations) meeting employment and space restrictions (Zoning Resolution §§ 22-13, 22-14), to locate as of right in an R8 residential district. DOB found the mission to be a permitted community facility, and granted the permit.
Petitioners, residents of East 50th Street and members of its block association, requested that OAU’s permit be revoked. Upon denial of their request, they filed an administrative appeal with the New York City Board of Standards and Appeals (BSA), which affirmed DOB’s issuance of the permit. BSA found that the zoning resolution’s characterization of nonprofit institutions as community facilities was not dependent on State or Federal law defining nonprofit institutions, but merely served to distinguish such institutions from land uses of a commercial nature. It then found that diplomatic missions perform services such as intergovernmental and intercultural relations and can thus be viewed as nonprofit *977 community facilities that may locate in a residential district. In petitioners’ article 78 proceeding that followed, Special Term upheld BSA’s determination as a reasonable exercise of discretion and dismissed the petition. A divided Appellate Division affirmed.
We agree with the conclusions reached by the courts below. BSA’s construction of the terms "non-profit institution” and "community facility” in the zoning resolution are rational, given the scope and purpose of the zoning resolution, and BSA’s finding that OAU’s mission was a nonprofit community facility is supported by substantial evidence.
BSA and DOB are responsible for administering and enforcing the zoning resolution (New York City Charter §§ 643, 666 [7]), and their interpretation must therefore be "given great weight and judicial deference, so long as the interpretation is neither irrational, unreasonable nor inconsistent with the governing statute.” (Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 62 NY2d 539, 545.) The term "non-profit institution” is not defined in the zoning resolution. It was reasonable for BSA to construe that term in light of both its own experience and the stated purposes of the resolution to protect residential areas from traffic and noise associated with commercial uses. Conversely, BSA was not required blindly to import a definition of "non-profit institution” from other State or Federal tax statutes which have varying purposes. Moreover, substantial evidence was presented to BSA supporting its conclusion that the proposed mission’s services in furthering intergovernmental and intercultural relations qualified it as a noncommercial, and therefore "non-profit,” institution for the purposes of the zoning resolution.
We reject the position of the Appellate Division dissenters that introductory statements at the head of the zoning resolution sections listing which uses constitute "community facilities” are to be read as conditions precedent to granting a permit (see, Zoning Resolution §§ 22-13, 22-14). The resolution itself provides that brief statements are inserted at the start of each "Use Group” to describe and clarify the basic characteristics of the various uses listed (Zoning Resolution § 22-00). BSA’s conclusion that these statements were merely prefatory and designed to give guidance in interpreting the resolution was thus fully consistent with the resolution, and its conclusion that the proposed mission was a "community facility” consonant with the listed uses was not "irrational, unreason *978 able [or] inconsistent with the governing statute.” (Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, supra.)
Order affirmed, with costs, in a memorandum.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.