*1058 OPINION OF THE COURT
Thomas E. Mercure, J.
Respondents Aarons own a 1.26-acre lot situate on the shore of Lake George, which lot is bisected by the boundary line between the Town of Lake George and the Town of Queens-bury in such a way that .54 acres is situate in the former and the balance of .72 acres in the latter. The Queensbury portion of the lot is improved by a single-family residence. The Lake George portion, currently improved by a boat house only, is situate in an RS-1 district, which permits one single-family residence on a lot of not less than one acre in area. Similarly, the Queensbury portion of the lot permits no more than one single-family residence per acre of land.[1] Clearly, if the entire lot were considered a single entity for zoning purposes, no additional residences would be permitted under either ordinance.
Respondents Aarons made application to the zoning enforcement officer of the Town of Lake George for a permit to construct a single-family residence on the Lake George portion of the lot. The application was granted and the permit issued on or about May 7, 1986. In granting the permit, the officer took the position that he was precluded as a matter of law from considering the existence of the Queensbury portion of the lot because of the provisions of section 1.30 of the town’s zoning ordinance and of Town Law § 261. As such, he determined the Lake George portion of the property to constitute a nonconforming lot under section 8.40 of the ordinance, which states in pertinent part as follows: "Nothing in this ordinance shall prevent the use of any lot, or the erection of a building or other structure on any lot, which does not conform to the minimum area, shape, or frontage requirements of this ordinance, provided that all other requirements of this Ordinance have been met and the owner of such lot does not own sufficient contiguous land to make a nonconforming lot more nearly a conforming lot” (emphasis supplied).
This interpretation was upheld by the respondent Zoning Board of Appeals on the same basis by a written decision filed with the Town Clerk on August 14, 1986. The instant proceeding was commenced on or about September 10, 1986.[2]
*1059 The initial issue to be determined, which is dispositive of the proceeding, is whether the interpretation of the ordinance by the zoning officer and the Zoning Board of Appeals so as to exclude the contiguous land within the Town of Queensbury from its consideration under section 8.40 of the ordinance was unreasonable or irrational.
It has been repeatedly held that the interpretation given an ordinance by an administrative body charged with the duty of interpreting its provisions should be given great weight (Matter of Cathedral of Incarnation v Glimm, 61 NY2d 826). At the same time, a court is justified in setting aside an interpretation which is irrational, unreasonable or inconsistent with the governing statute (Applebaum v Deutsch, 66 NY2d 975, 977). In my opinion, the interpretation advanced by respondents finds no support in the language or intent of the ordinance or the enabling legislation, in case law decided thereunder, or, for that matter, in logic or practice.
As is relevant to this proceeding, section 1.30 of the town’s zoning ordinance and Town Law § 261 do nothing more than provide in broad and general terms that the ordinance shall regulate, restrict, apply to and affect only lands lying within the town. In fact, to the extent that the language of the ordinance relied upon by respondents is essentially duplicative of the language of Town Law § 261, it is mere surplusage. The language of Town Law § 261 is obviously nothing more than a reflection of the fundamental premise that the police power of a municipality does not extend beyond its bounds. As such, there can be no question that the Town of Lake George lacks authority to regulate land use within the Town of Queens-bury. Nowhere is it said, however, that the existence of contiguous land in a neighboring town cannot be acknowledged or considered in lawful application of the ordinance to lands lying within the Town of Lake George.
Respondents have offered no law to support their position, and the court’s research uncovers none. However, it has found a line of cases, commencing with the decision of the Court of *1060 Appeals in Berenson v Town of New Castle (38 NY2d 102), which hold that a municipality is charged with the responsibility in enacting zoning ordinances to take notice of the land uses of its neighboring communities and, in fact, to consider regional needs and requirements (see, Berenson v Town of New Castle, supra; Blitz v Town of New Castle, 94 AD2d 92). Further, Professor Anderson specifically states: "While a municipality is without power to impose zoning restrictions upon land which lies beyond its borders, it may, and in some instances must, take into consideration the use of adjacent land as well as the restrictions upon such use” (1 Anderson, New York Zoning Law and Practice § 5.17, at 193 [3d ed]). In the absence of specific language precluding consideration of the Queensbury portion of the lot, no basis exists for respondents’ interpretation.
The remaining contentions of the parties need not be considered.
The petition is granted. The May 7, 1986 determination of the zoning enforcement officer for the Town of Lake George to issue a building permit in favor of respondents Aarons shall be annulled and set aside.

. There is disagreement as to whether the Queensbury ordinance requires one or three acres of land per single-family residence. The ordinance is not before the court.

. Respondents Aarons raise the affirmative defense that the proceeding *1059 is time barred in their answer, alleging therein that the decision was filed on August 8, 1986 and that the proceeding was not commenced within 30 days thereafter. This allegation is contradicted by the time and date stamp on the copy of the decision submitted as a portion of the return of the respondent Zoning Board of Appeals. Further, they fail to allege the date of commencement of the action, thereby precluding intelligent consideration of this defense. Significantly, this defense was not pleaded by the respondent Board.