■ In the Matter of MOUNT CARMEL NEIGHBORHOOD ASSOCIATION et al., Appellants, v BOARD OF STANDARDS AND APPEALS et al., Respondents. [645 NYS2d 547] —In a hybrid declaratory judgment action and proceeding pursuant to CPLR article 78, inter alia, to review a resolution of the respondent Board of Standards and Appeals which, inter alia, determined that the respondent Department of Buildings properly issued an alteration permit to the respondents Wendlyn Properties, Inc., and Universal Preserv-A-Chem, Inc., the petitioners appeal from a judgment of the Supreme Court, Kings County (Feinberg, J.), entered September 16, 1994, which, upon a memorandum decision determining that the building was not a "building designed for residential use" and that the construction did not constitute the construction of a "new building" within the meaning of the New York City Zoning Resolution, dismissed the petition.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The buildings involved in this proceeding are located in an area in Brooklyn designated as the "Special Northside Mixed Use District". The regulations governing this district distin-

guish between buildings "designed for residential use" and those designed for nonresidential use (see, New York City Zoning Resolution § 97-01 et seq.). A building "designed for residential use" is defined as "a building, which was originally designed for residential use and in which at least 25 percent of the floor area is occupied for residential use" (New York City Zoning Resolution § 12-10). Because the buildings at issue were no longer actually occupied for residential use, the Supreme Court properly determined that they were not buildings "designed for residential use" within the meaning of the New York City Zoning Resolution.

The Supreme Court also properly determined that the construction at issue constituted an "alteration" rather than a "demolition" or the construction of a "new building" in a "development" (see, New York City Zoning Resolution § 12-10; Administrative Code of City of NY § 27-232; see also, Matter of Action Elec. Contrs. Co. v Goldin, 64 NY2d 213, 221; Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459; see also, Appelbaum v Deutsch, 66 NY2d 975, 977). Bracken, J. P., Miller, Copertino and Krausman, JJ., concur.