■ WILLIE YOUNG, Respondent, v PATRICK GEOGHEGAN et al., Appellants. [673 NYS2d 89] —Judgment, Supreme Court, New

York County (Norman Ryp, J.), entered March 21, 1997, upon a jury verdict in plaintiff's favor and against defendant 11 Riverside Drive Corp. (11 Riverside), awarding plaintiff the principal amount of $75,989.76, and bringing up for review an order of the same court and Justice, entered on or about February 28, 1996, *inter alia*, denying defendant 11 Riverside Drive's motion to set aside the verdict against it, unanimously affirmed, without costs.

The complaint, in essence, alleged that plaintiff, an African-American man who had been employed by defendant 11 Riverside, had been discriminated against by reason of his race in matters pertaining to his employment by defendant 11 Riverside and its employees, two of whom were sued individually.

Although the trial court dismissed the complaint as to defendant McGoey on the ground that he could not be held individually liable since he did not have an ownership interest in 11 Riverside or power over matters respecting 11 Riverside's personnel, except to carry out decisions made by others (*Patrowich v Chemical Bank*, 63 NY2d 541), the trial court's determination respecting McGoey did not preclude the jury from considering whether he had committed discriminatory acts against plaintiff chargeable to his employer, 11 Riverside. Accordingly, the jury's determination that Geoghegan had not discriminated against plaintiff did not, in combination with the dismissal of the action against McGoey individually, require, as 11 Riverside has maintained, a verdict in its favor. The jury could have found that McGoey had behaved in a discriminatory manner, and held his employer, 11 Riverside, responsible for his discriminatory conduct on the theory that the corporate defendant had condoned or at the very least knowingly acquiesced in its employee's discriminatory practices. We note in this connection that there was evidence that 11 Riverside had failed to investigate repeated complaints of discrimination made by plaintiff and other maintenance workers respecting the corporate defendant's managerial maintenance employees (*Matter of Totem Taxi v New York State Human Rights Appeal Bd.*, 65 NY2d 300, 305; *Matter of State Div. of Human Rights v St. Elizabeth's Hosp.*, 66 NY2d 684, 687; *see, Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, 55-56, *lv denied* 89 NY2d 809).

We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Milonas, J. P., Wallach, Rubin, Mazzarelli and Saxe, JJ.