■ John Layaou, Appellant-Respondent, v Xerox Corporation et al., Respondents-Appellants. [748 NYS2d 85] —Appeal and cross appeal from an order of Supreme Court, Monroe County (Galloway, J.), entered October 5, 2001, which granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the cross appeal be and the same hereby is unanimously dismissed and the order is modified on the law by denying defendants' motion in part and reinstating the complaint against defendant Xerox Corporation and as modified the order is affirmed with costs to plaintiff.

Memorandum: Plaintiff commenced this action alleging that defendants Xerox Corporation (Xerox), plaintiff's former employer, and Peter DeMauro, plaintiff's former manager at Xerox, unlawfully discriminated against plaintiff by terminating his employment based on his age (*see* Executive Law § 296 [1]). On appeal from an order granting defendants' motion for summary judgment dismissing the complaint, plaintiff contends that Supreme Court should have denied defendants' motion as

untimely, that DeMauro was properly named as a defendant, and that there are issues of fact warranting a trial. On their purported cross appeal, defendants contend that the action is barred by the res judicata and collateral estoppel effect of a prior federal court determination. Defendants are not aggrieved by the order granting summary judgment dismissing the complaint, however, and consequently their cross appeal must be dismissed (*see* CPLR 5511; *Town of Massena v Niagara Mohawk Power Corp.*, 45 NY2d 482, 488; *Matter of Fetzer v Town Bd. of Town of Aurora*, 289 AD2d 996, *lv denied* 98 NY2d 606; *Matter of Brown v Starkweather*, 197 AD2d 840, 841, *lv denied* 82 NY2d 653). We nevertheless shall consider defendants' contention as an alternative ground for affirmance (*see Niagara Mohawk Power Corp.*, 45 NY2d at 488).

The court properly granted summary judgment dismissing the complaint against DeMauro. A claim of discrimination in violation of the Human Rights Law (Executive Law art 15) does not lie against a corporate employee where, as here, "he is not shown to have any ownership interest or any power to do more than carry out personnel decisions made by others" (*Patrowich v Chemical Bank*, 63 NY2d 541, 542; *see Young v Geoghegan*, 250 AD2d 423, 424; *Trovato v Air Express Intl.*, 238 AD2d 333, 333-334; *Monsanto v Electronic Data Sys. Corp.*, 141 AD2d 514, 515).

The court erred, however, in granting summary judgment dismissing the complaint against Xerox. Xerox submitted evidence rebutting plaintiff's prima facie case of discrimination by establishing that it had " 'legitimate, independent, and nondiscriminatory reasons to support its employment decision' " (*Ferrante v American Lung Assn.*, 90 NY2d 623, 629; *see Scott v Citicorp Servs.*, 91 NY2d 823, 824; *Hardy v General Elec. Co.*, 270 AD2d 700, 701, *lv denied* 95 NY2d 765; *Alfano v Miller Envtl. Group*, 253 AD2d 446), thus shifting the burden to plaintiff to raise an issue of fact whether "the legitimate reasons proffered by [Xerox] were merely a pretext for discrimination" (*Ferrante*, 90 NY2d at 629-630; *see Herskowitz v Greystone Jewish Ctr.*, 270 AD2d 391; *Hardy*, 270 AD2d at 703-704). We conclude that plaintiff raised a triable issue of fact "concerning either the falsity of [Xerox]'s proffered basis for the termination or that discrimination was more likely the real reason" (*Ferrante*, 90 NY2d at 631; *cf. Scott*, 91 NY2d at 824).

We therefore modify the order by denying defendants' motion in part and reinstating the complaint against Xerox. We have considered the parties' remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Hayes, Kehoe and Gorski, JJ.