■ Dan T. Chapple et al., Respondents, v Margit Kovacs, Appellant, and Joseph F. Tripi et al., Respondents. [775 NYS2d 642]—

Appeal from an order of the Supreme Court, Erie County (John P. Lane, J.), entered January 15, 2003. The order granted the motion of defendants Joseph F. Tripi and JFT Enterprises for summary judgment in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs, the motion is denied, and the complaint against defendants Joseph F. Tripi and JFT Enterprises is reinstated.

Memorandum: Dan T. Chapple (plaintiff) was injured in a motor vehicle accident on Maple Road near its intersection with North Forest Road in Amherst. He was a passenger in a vehicle operated by defendant Joseph F. Tripi and owned by defendant JFT Enterprises (collectively, Tripi defendants). Tripi entered the left-hand turn lane of Maple Road as he approached the intersection with North Forest Road, where he intended to turn left. Defendant Margit Kovacs was exiting a shopping center to the right of Tripi's vehicle. Traffic in the two lanes proceeding straight through the intersection was stopped by a red light. The drivers of the vehicles in each lane made room for Kovacs to exit the parking lot and signaled for her to proceed. Kovacs drove in front of the stopped vehicles, intending to turn left, and her vehicle collided with Tripi's vehicle in the turning lane.

The Tripi defendants moved for summary judgment dismissing the complaint against them and in addition sought alternative relief. Although the Tripi defendants also sought summary

judgment dismissing "all crossclaims [*sic*]" against them, in fact no cross claims were asserted. The Tripi defendants argued in support of their motion that plaintiffs cannot establish that any act of negligence by the Tripi defendants was a proximate cause of the accident and that Kovacs's failure to yield the right of way was the sole proximate cause of the accident. The motion was opposed by Kovacs, who argued that there are issues of fact concerning negligence and proximate cause requiring a trial, and by plaintiffs, who adopted Kovacs's arguments. In its decision and order, Supreme Court granted the Tripi defendants' motion based on its determination that Kovacs's negligence was the sole proximate cause of the accident.

We reject the contention of the Tripi defendants that this appeal by Kovacs must be dismissed because Kovacs is not aggrieved by the order (*see* CPLR 5511). Contrary to the contention of the Tripi defendants, the fact that Kovacs has not asserted any cross claims against them is not dispositive. Kovacs is in fact aggrieved by the court's granting the motion based on the determination that her negligence was the sole proximate cause of the accident (*cf. Layaou v Xerox Corp.*, 298 AD2d 921, 922 [2002]). We further conclude that the Tripi defendants failed to establish their entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Thus, we reverse the order, deny the motion of the Tripi defendants and reinstate the complaint against them.

All concur except Hayes, J., who dissents and votes to affirm in the following memorandum.

Hayes, J. (dissenting). I respectfully dissent and would affirm. In my view, Supreme Court properly granted the motion of defendants Joseph F. Tripi and JFT Enterprises (collectively, Tripi defendants) for summary judgment dismissing the complaint against them. The deposition testimony of plaintiff Dan T. Chapple, Tripi, and defendant Margit Kovacs established that Tripi had the right-of-way and had no time to react to Kovacs's vehicle when it entered his lane of travel. The Tripi defendants thus established that they were not negligent and that the sole proximate cause of the accident was Kovacs's negligence in failing to yield the right-of-way (*see Kelsey v Degan*, 266 AD2d 843 [1999]), and Kovacs and plaintiffs failed to raise a triable issue of fact. Kovacs contends that there are triable issues of fact whether Tripi prematurely entered the turning lane and drove at an imprudent speed, thus precluding summary judgment on the issue of his alleged negligence. I disagree. Even assuming, arguendo, that Tripi entered the turning lane prematurely, I note that it is undisputed that the accident oc-

curred when he was properly within the turning lane. In addition, although Kovacs testified at her deposition that Tripi was going "very fast," she could not provide an estimate of his speed. In any event, there is no indication that speed played any role in this accident. Rather than stopping and looking to her left for oncoming vehicles in the turning lane after she pulled in front of the stopped vehicles, Kovacs proceeded directly into the turning lane and Tripi's right-of-way, causing the collision. Present—Pine, J.P., Wisner, Kehoe, Gorski and Hayes, JJ.