■ PHILLIP R. WOODIE, Respondent, v AZTECA INTERNATIONAL CORPORATION et al., Appellants, et al., Defendants. [875 NYS2d 475]—

Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered November 26, 2007, after jury trial, inter alia, awarding plaintiff the principal sum of $559,086 against defendants Azteca International, TV Azteca and San Roman, plus an additional $26,615.89 from Azteca International, and order, same court and Justice, entered December 21, 2007, which denied said defendants' motion to set aside the verdict, unanimously affirmed, without costs.

A three-part analysis is required for proving employment discrimination under Executive Law § 296 (*see Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO*, 6 NY3d 265, 270-271 [2006]). The employee must first establish a prima facie case of discrimination. The burden then shifts to the employer to rebut the prima facie case with a legitimate reason, in which case the burden shifts back to the employee to show that the proffered reasons are pretextual.

Here, after plaintiff made a prima facie case of discrimination, defendants offered nondiscriminatory reasons for plaintiff's dismissal, and plaintiff then adduced facts permitting a reasonable inference that the reasons proffered for his termination were false and merely a pretext for discrimination. The verdict was not against the weight of the evidence because the jury could have reached its conclusion on a fair interpretation of the evidence. Furthermore, inasmuch as a valid line of reasoning and permissible inferences could have led rational jurors to the conclusion they reached, the evidence was legally sufficient to

support the verdict (*see Young v Geoghegan*, 250 AD2d 423 [1998]).

The court did not improvidently exercise its discretion in granting plaintiff's motion in limine to preclude the introduction of certain extrinsic evidence at trial (*see Caster v Increda-Meal, Inc.*, 238 AD2d 917, 918 [1997]). The court did not err in charging the jury that to meet his prima facie burden on his discrimination claim, plaintiff initially had to show simply that he was "qualified to hold the position of president of sales" (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]). Nor did the court err in declining to give the jury a "same actor inference" charge (*see Copeland v Rosen*, 38 F Supp 2d 298, 305 [SD NY 1999]). Given the evidence in this case, the failure to give the legitimate expectations charge was harmless (*see* 2 NY PJI2d 9:1, at 1471 [2009]). Concur—Tom, J.P., Mazzarelli, Nardelli, Catterson and Moskowitz, JJ.