In the Matter of SHOP-RITE SUPERMARKETS, INC., et al., Appellants, et al., Petitioner, v PLANNING BOARD OF THE TOWN OF WAWARSING et al., Respondents. (And Another Related Proceeding.) [918 NYS2d 647]—

Peters, J.

In 2006, respondent Wal-Mart Real Estate Business Trust (hereinafter Wal-Mart) entered into negotiations with respondents Joseph Tso and Cecilia Tso Warner to purchase a 110,000-square-foot strip mall located along State Route 209 in the Town of Wawarsing, Ulster County for the purpose of constructing, among other things, a 132,000-square-foot superstore. In October 2008, Wal-Mart submitted site plan, subdivision and special use permit applications, along with an environmental assessment form (hereinafter EAF), to respondent Planning Board of the Town of Wawarsing (hereinafter Planning Board). After

classifying the proposed development as a type I action under the State Environmental Quality Review Act (*see* ECL art 8 [hereinafter SEQRA]) and declaring itself lead agency, the Planning Board identified areas of environmental concern and sought input from interested government agencies. Following several public meetings and the submission of various studies, in March 2009 the Planning Board issued a negative declaration of environmental significance. Two months later the Planning Board approved Wal-Mart's applications.

Petitioners commenced two combined proceedings pursuant to CPLR article 78 and actions for declaratory judgment—later joined by Supreme Court—challenging the negative declaration of environmental significance and the resolutions approving the applications. Supreme Court dismissed the petitions and these appeals by petitioners Shop-Rite Supermarkets and Wawarsing-Ellenville for Responsible Development (hereinafter collectively referred to as petitioners) ensued.

Initially, petitioners contend that the Planning Board failed to take the requisite "hard look" at the potential adverse impacts of the Wal-Mart project. Specifically, they argue that the Planning Board did not seriously consider the environmental concerns raised by, among others, the Ulster County Planning Board. Petitioners further contend that, upon designating the Wal-Mart project a type I action, the Planning Board should have required an environmental impact statement.

"Judicial review of an agency determination under SEQRA is limited to whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (*Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d 219, 231-232 [2007] [internal quotation marks and citation omitted]; *see Matter of Granger Group v Town of Taghkanic*, 77 AD3d 1137, 1141 [2010], *lv denied* 16 NY3d 781 [2011]). "It is not the province of the courts to second-guess thoughtful agency decision making and, accordingly, an agency decision should be annulled only if it is arbitrary, capricious or unsupported by the evidence" (*Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d at 232; *see Matter of Granger Group v Town of Taghkanic*, 77 AD3d at 1141-1142; *Matter of Residents for Responsible Govt. v Grannis*, 75 AD3d 963, 966 [2010], *lv denied* 16 NY3d 701 [2011]).

Notably, "[t]he lead agency . . . has the responsibility to comb through reports, analyses and other documents before making a determination; it is not for [the] reviewing court to duplicate these efforts" (*Matter of Riverkeeper, Inc. v Planning Bd. of*

*Town of Southeast*, 9 NY3d at 232). Here, the Planning Board retained the services of a professional engineering firm and, with its assistance, reviewed the EAF, various technical reports, photographs, simulations, input received from other interested agencies, correspondence, the recommendations of the Ulster County Planning Board, and public comments received at three public hearings on the project. As specifically pertains to the impact on traffic, an area of particular concern to petitioners, the Planning Board reviewed, among other things, a traffic impact analysis, which concluded that Wal-Mart's proposed mitigation efforts would offset the projected increase in traffic. As to the project's impact on the overall growth and character of the community, the Planning Board considered, among other things, that the site was already developed as commercial space, had been used for retail businesses for decades, and was currently in use for that purpose. In our view, the record establishes that the Planning Board took a hard look at the identified areas of environmental concern and gave a reasoned elaboration of the basis for its negative declaration (*see* 6 NYCRR 617.3 [c] [1]; *Matter of Granger Group v Town of Taghkanic*, 77 AD3d at 1142). Furthermore, the Planning Board's designation of the project as a type I action did not, per se, necessitate the filing of an environmental impact statement (*see e.g. Matter of Granger Group v Town of Taghkanic*, 77 AD3d at 1142-1143; *Matter of Mirabile v City of Saratoga Springs*, 67 AD3d 1178, 1181 [2009]). Accordingly, we find that the Planning Board satisfied its obligations under SEQRA.

Petitioners next contend that the Planning Board erred in reviewing Wal-Mart's site plan, subdivision and special use permit applications under the Town's former zoning code, which was in effect when the applications were filed. Rather, petitioners contend, the Planning Board should have applied the new zoning code (*see* Local Law No. 1 [2009] of Town of Wawarsing), which was enacted in January 2009, four months before the Planning Board approved the applications.* Respondents assert that the applications fall within the new code's savings clause, which provides that "complete applications pending at the time of [the new law's] enactment" should be reviewed under the former code (Local Law No. 1 [2009] of Town of Wawarsing § 112-9). According to petitioners, the savings clause does not

---

* Petitioners commenced a separate proceeding challenging the Town Board's enactment of the new zoning code (*Matter of Shop-Rite Supermarkets v Town Bd. of the Town of Wawarsing*, Sup Ct, Ulster County, Mar. 16, 2010, Connolly, J., index No. 09-2386). Petitioners' appeal from the order and judgment in that case is decided herewith.

apply because Wal-Mart's applications were not "complete" until, at the earliest, March 24, 2009, when the Planning Board made its negative declaration of environmental significance. Respondents dispute this interpretation of the savings clause, arguing instead that, because all of the submission requirements of the former code had been met prior to the enactment of the new code, the Planning Board rationally considered Wal-Mart's applications to be "complete" within the meaning of the savings clause.

"We accord great deference to a planning board's interpretation of a zoning ordinance" (*Matter of North Country Citizens for Responsible Growth, Inc. v Town of Potsdam Planning Bd.*, 39 AD3d 1098, 1100 [2007]; *see Appelbaum v Deutsch*, 66 NY2d 975, 977-978 [1985]; *Matter of Committee to Protect Overlook, Inc. v Town of Woodstock Zoning Bd. of Appeals*, 24 AD3d 1103, 1104 [2005], *lv denied* 6 NY3d 714 [2006]), and will uphold its reasonable construction of a term that is not otherwise defined in the zoning code (*see Appelbaum v Deutsch*, 66 NY2d at 977-978). Here, petitioners rely on definitions of a "complete" application as found in the Town Law (*see* Town Law § 276 [5] [c]), SEQRA (*see* ECL 8-0109 [5]), and the Ulster County Land Use Referral Guide to support their claim that the Planning Board could not rationally have interpreted the savings clause to include Wal-Mart's applications. However, the Planning Board was not required to import a definition from other statutes or sources having purposes different from the savings clause at issue here (*see Appelbaum v Deutsch*, 66 NY2d at 978). Rather, given both its own experience and the clear purpose of the savings clause to preserve the status quo for certain applications made under the former code, it was reasonable for the Planning Board to consider applications such as Wal-Mart's— where the former code's submission requirements were met and several public hearings had been held prior to the new code's enactment—to be "complete" (*see id.*). Accordingly, the Planning Board's decision to review the applications under the former code was not irrational and the approvals granted thereon will not be annulled (*see Matter of North Country Citizens for Responsible Growth, Inc. v Town of Potsdam Planning Bd.*, 39 AD3d at 1100).

The foregoing renders petitioners' standing argument academic. Petitioners' remaining contentions, to the extent not explicitly addressed herein, have been considered and found to be unpersuasive.

Lahtinen, McCarthy and Garry, JJ., concur; Cardona, P.J., not taking part. Ordered that the order and judgment are affirmed, without costs.