■ In the Matter of SHOP-RITE SUPERMARKETS, INC., et al., Appellants, et al., Petitioner, v TOWN BOARD OF THE TOWN OF WAWARSING et al., Respondents. [919 NYS2d 539]—

Peters, J.

In 2006, respondent Town Board of the Town of Wawarsing enacted a new comprehensive plan for the Town, located in Ulster County. The Town Board thereafter began the process of updating the Town's zoning code to conform with the plan. In 2007, the Town Board filed an environmental assessment form and circulated copies of the proposed legislation to the relevant local and regional agencies for review and comment. A number of public meetings and public hearings were held, and recommendations were received from both the Ulster County Planning Board and the Town of Wawarsing Planning Board. The proposed legislation underwent several revisions, including, as relevant here, the addition of a savings clause which provided that the former zoning code would apply to pending applications that were "complete" at the time of the law's enactment.

At the conclusion of the January 2009 public hearing, the Town Board resolved to enact the updated zoning code. Notably, the resolution enacting the updated code indicated that applications "currently under review" and those "received prior to

[the] filing" of the new law with the Secretary of State would be considered under the former zoning code. Petitioners commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking to annul the resolution, which petitioners contend was an improper attempt by the Town Board to expand the savings clause so as to include pending applications by respondent Wal-Mart Real Estate Business Trust (hereinafter Wal-Mart) for site plan, subdivision and special use permits relating to its plans to construct, among other things, a 132,000-square-foot superstore on the site of a partially-empty 110,000-square-foot strip mall located in the town. After respondents answered, petitioners moved for an order permitting depositions of Town Board members and others, as well as discovery of documents related to purported communications between town representatives and representatives of Wal-Mart. Wal-Mart moved to dismiss the petition. Supreme Court granted Wal-Mart's motion and dismissed the petition as academic, relying on its previous decision in a related matter, *Matter of Shop-Rite Supermarkets v Planning Bd. of the Town of Wawarsing* (Sup Ct, Ulster County, Mar. 16, 2010, Connolly, J., index Nos. 09-1965 and 09-3174).* In that case, where the same petitioners challenged, among other things, the Town of Wawarsing Planning Board's determination granting Wal-Mart's applications, the court found that Wal-Mart's applications were "complete" within the meaning of the original savings clause at the time that the new zoning code was enacted. Petitioners Shop-Rite Supermarkets, Inc. and Wawarsing-Ellenville for Responsible Development (hereinafter collectively referred to as petitioners) appeal, and we affirm.

In deciding petitioners' appeal from Supreme Court's decision in *Matter of Shop-Rite Supermarkets v Planning Bd. of the Town of Wawarsing* (82 AD3d 1384 [2011] [decided herewith]), this Court, as relevant here, held that the Town Planning Board's construction of the original savings clause to include Wal-Mart's applications was not unreasonable or irrational. Since Wal-Mart's applications fell within the scope of the original savings clause, it follows that the resolution at issue here is irrelevant to those applications. Accordingly, petitioners' arguments, all of which are grounded in their claim that, by enacting the resolution, the Town Board was improperly attempting to enlarge the savings clause to encompass the Wal-Mart applications, are academic.

Lahtinen, McCarthy and Garry, JJ., concur; Cardona, P.J., not

---

* Petitioners' appeal from the order and judgment in that case is decided herewith.

taking part. Ordered that the order and judgment are affirmed, without costs.