Lahtinen, J.
Appeal from a judgment of the Supreme Court (Rumsey, J.), entered September 16, 2011 in Tompkins County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.
Petitioners seek to annul the plan approved by respondent to reduce the deer population in the Village of Cayuga Heights, Tompkins County. The Village is 1.85 square miles in size, with about 3,200 residents and had an estimated deer population of 160 to 200. For a decade or more, there had been various concerns expressed about problems related to the growing deer population, including increased damage to vegetation and gardens, collisions with vehicles and potential for Lyme disease. In 2008, the Village commissioned a deer remediation advisory committee (hereinafter DRAG) to study the problem and propose a course of action. The DRAG issued a report in June *1208 2009 recommending, among other things, attempting to reduce the deer herd size to about 60 by a three-phase approach using sterilization, followed by culling, and then ongoing monitoring and maintenance using both sterilization and culling.
Respondent declared that it would act as lead agency pursuant to the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]), issued a positive declaration and prepared a detailed draft environment impact statement (hereinafter DEIS). The DEIS, although more specific than the DRAG report, proposed a similar phased options approach, except that it recommended a target deer population of 30 rather than 60. A public hearing was held in December 2010 and written comments were received following the hearing. Respondent produced a final environment impact statement (hereinafter FEIS), which responded to the numerous public comments. In April 2011, respondent issued SEQRA findings and approved the phased deer remediation plan.
Petitioners commenced this CPLR article 78 proceeding seeking to, among other things, annul respondent’s deer remediation plan. Supreme Court granted the parties’ request to treat respondent’s subsequent motion to dismiss as one for summary judgment and, in a thorough written decision, granted the motion and dismissed the petition (Matter of Druyan v Village Bd. of Trustees of the Vil. of Cayuga Hgts., 33 Misc 3d 1203[A], 2011 NY Slip Op 51772[U] [2011]). Petitioners appeal.
We affirm. “Judicial review of an agency determination under SEQRA is limited to ‘whether the agency identified the relevant areas of environmental concern, took a “hard look” at them, and made a “reasoned elaboration” of the basis for its determination’ ” (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 231-232 [2007], quoting Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417 [1986]; accord Matter of Shop-Rite Supermarkets, Inc. v Planning Bd. of the Town of Wawarsing, 82 AD3d 1384, 1385 [2011], lv denied 17 NY3d 705 [2011]). “An agency complying with SEQRA need not investigate every conceivable environmental problem; it may, within reasonable limits, use its discretion in selecting which ones are relevant” (Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d 297, 307 [2009] [citation omitted]). “It is not the province of the courts to second-guess thoughtful agency decisionmaking and, accordingly, an agency decision should be annulled only if it is arbitrary, capricious or unsupported by the evidence” (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d at 232).
*1209 Petitioners’ arguments include that respondent failed to gather critical information such as current deer population, the rate of migration of new deer into the Village and the extent of damage to landscape caused by the deer population. The DEIS estimate of the deer population was supported by a study conducted by a Cornell University professor in 2006, together with projected growth rate since that study. Respondent addressed in its FEIS public comments regarding migrating deer, which would be monitored with current technology as well as new technology that might become available. With respect to vegetation, the DEIS noted that the current deer population would consume 500 to 1,200 pounds of vegetation daily resulting in a noticeable impact on the landscape.
We are unpersuaded by petitioners’ contention that respondent failed to provide sufficient data for informed public comment and failed to take a hard look at important adverse impacts of the plan. The DEIS was detailed in describing the problem, the proposed solution, the potential impacts, and the alternative approaches. Moreover, the DEIS was similar in its recommendations to the DRAG report, which had been issued and made public over a year before the DEIS was issued. There was ample information and sufficient time to comment, as reflected by over 60 comments received. The comments were sufficiently addressed in the FEIS. The issues of humane treatment of the deer problem as well as asserted potential impact on human health were adequately considered.
The remaining issues have been considered and are unavailing.
Peters, P.J., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs. [Prior Case History: 33 Misc 3d 1203(A), 2011 NY Slip Op 51772(U).]