■ ANGELO SPINELLO, Appellant, v DEPOSITORY TRUST & CLEARING CORPORATION, Respondent. [48 NYS3d 43]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered November 4, 2015, which, to the extent appealed from as limited by the briefs, granted defendant employer's motion for summary judgment dismissing the complaint insofar as it alleged age discrimination, unanimously affirmed, without costs.

Even assuming plaintiff established a prima facie claim of age discrimination in connection with the appointment of a new hire to a Senior Associate position in another department, as well as with the reassignment of a current employee in the company's Tampa, Florida office from mailroom clerk to security guard, defendant, in each instance, provided legitimate, nondiscriminatory reasons for its challenged actions.

According to defendant's human resource director in the New York office where plaintiff worked, the appointee to the Senior Associate position was more qualified in that he met the qualifications sought in the job posting, namely a college education and experience. Plaintiff had experience in the relevant department, but only a high school education. As to the security guard position in Tampa, Florida, defendant's human resources directors testified at deposition, in short, that the security guard position was an entry-level position not covered by the collective bargaining agreement and, in any event, the person who had been reassigned from the mailroom to the position had accommodated defendant's needs for experienced personnel in that office by moving to the Tampa office in 2004.

The burden having shifted back to plaintiff, he failed to raise an issue of fact that defendant's stated reasons for hiring the new Senior Associate appointee constituted a pretext for age discrimination (*see generally Ferrante v American Lung Assn.*, 90 NY2d 623 [1997]). Plaintiff did not point to any evidence of a policy, statements or a pattern by defendant or its personnel in the hiring or reassigning of candidates and/or personnel on the basis of age.

As to plaintiff's claim pursuant to Administrative Code of City of NY § 8-107 (1) (a), which requires a court to consider all the evidence and determine whether, in light of such evidence, a triable issue exists that the employer was motivated at least in part by age discrimination while making the challenged appointments or reassignments (*see generally Bennett v Health Mgt. Sys., Inc.*, 92 AD3d 29 [1st Dept 2011], *lv denied* 18 NY3d

811 [2012]), in light of the record before us, there is "no evidentiary route that could allow a jury to believe that discrimination played a role in the challenged action" taken by the defendant (*id.* at 40). Summary judgment is warranted where, as here, there is no evidence of pretext or discriminatory motive (*see generally Melman v Montefiore Med. Ctr.*, 98 AD3d 107 [1st Dept 2012]). Concur—Richter, J.P., Manzanet-Daniels, Gische, Webber and Kahn, JJ.