Matter of Freck v Town of Porter (2018 NY Slip Op 00736)





Matter of Freck v Town of Porter


2018 NY Slip Op 00736


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1395 CA 16-02092

[*1]IN THE MATTER OF THOMAS FRECK, PETITIONER-PLAINTIFF-APPELLANT-RESPONDENT,
v
TOWN OF PORTER, TOWN OF PORTER ZONING BOARD OF APPEALS, TOWN OF PORTER PLANNING BOARD, ET AL., RESPONDENTS-DEFENDANTS-RESPONDENTS, THOMAS FLECKENSTEIN, INDIVIDUALLY AND AS TRUSTEE OF THE JUDITH A. FLECKENSTEIN LIVING TRUST, JUDITH A. FLECKENSTEIN, INDIVIDUALLY AND AS TRUSTEE OF THE JUDITH A. FLECKENSTEIN LIVING TRUST, AND NIAGARA AQUACULTURE, INC., RESPONDENTS-DEFENDANTS-RESPONDENTS-APPELLANTS. 






KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), FOR PETITIONER-PLAINTIFF-APPELLANT-RESPONDENT. 
MICHAEL J. DOWD, LEWISTON, FOR RESPONDENTS-DEFENDANTS-RESPONDENTS TOWN OF PORTER, TOWN OF PORTER ZONING BOARD OF APPEALS AND TOWN OF PORTER PLANNING BOARD. 
HODGSON RUSS LLP, BUFFALO (CHARLES W. MALCOMB OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS-APPELLANTS.


 Appeal and cross appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (John F. O'Donnell, J.), entered August 26, 2016 in a CPLR article 78 proceeding and a declaratory judgment action. The judgment, inter alia, dismissed the petition/complaint. 
It is hereby ORDERED that said cross appeal is unanimously dismissed, and the judgment is modified on the law by reinstating the petition/complaint to the extent that it seeks a declaration and granting judgment in favor of respondents-defendants-respondents-appellants as follows:
It is ADJUDGED AND DECLARED that the approved farm pond project is not an unlawful mining operation in violation of the Town of Porter Zoning Code,
and as modified the judgment is affirmed without costs.
Memorandum: Petitioner-plaintiff (petitioner) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, to annul the determination of respondent-defendant Town of Porter Zoning Board of Appeals (ZBA) approving the variance application of respondents-defendants Thomas Fleckenstein and Judith A. Fleckenstein, both individually and as trustees of the Judith A. Fleckenstein Living Trust, and respondent-defendant Niagara Aquaculture, Inc. (collectively, Fleckenstein respondents) for development of two farm ponds (farm pond project) on property in an agricultural zone in respondent-defendant Town of Porter (Town).
Initially, we conclude that, inasmuch as the Fleckenstein respondents are not aggrieved by [*2]the judgment, their cross appeal must be dismissed (see CPLR 5511; Layaou v Xerox Corp., 298 AD2d 921, 922 [4th Dept 2002]). We nevertheless consider the Fleckenstein respondents' contention that petitioner lacked standing as an alternative ground for affirmance (see Layaou, 298 AD2d at 922), and we conclude that petitioner's allegations of harm were sufficient to confer standing (see generally Matter of Sierra Club v Village of Painted Post, 26 NY3d 301, 310-311 [2015]).
Petitioner contends that it was unlawful and/or arbitrary and capricious for the ZBA to determine that a variance from section 200-69 (Excavation, site grading, and filling) of the Town of Porter Zoning Code (Code) was not required for the excavation work associated with the construction of the farm ponds. We reject that contention. It is well settled that the interpretation by a zoning board of its governing code is generally entitled to great deference by the courts (see Appelbaum v Deutsch, 66 NY2d 975, 977-978 [1985]; Matter of Emmerling v Town of Richmond Zoning Bd. of Appeals, 67 AD3d 1467, 1467 [4th Dept 2009]) and, as long as the interpretation is not
" irrational, unreasonable [or] inconsistent with the governing [code],' it will be upheld" (Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y., 91 NY2d 413, 419 [1998], quoting Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 62 NY2d 539, 545 [1984]). Here, section 200-69 (A) specifically permits excavation "in direct connection with an improvement or operation on such premises for which a building permit has been issued." Inasmuch as a building permit was issued in connection with the Fleckenstein respondents' farm pond project, petitioner's contention is without merit.
With respect to the area variance granted to the Fleckenstein respondents' project with regard to "yard and bulk" requirements (see Code § 200-8 [B]), the ZBA was required to weigh the benefit to the applicants of granting the variance against any detriment to the health, safety and welfare of the neighborhood or community affected thereby, taking into account the five factors set forth in Town Law
§ 267-b (3) (b) (see Matter of Ifrah v Utschig, 98 NY2d 304, 307-308 [2002]; Matter of Sasso v Osgood, 86 NY2d 374, 382 [1995]), and we conclude that the ZBA did so here.
Contrary to petitioner's further contention, we perceive no abuse of discretion or illegality in the ZBA's determination to extend the Fleckenstein respondents' time in which to complete the excavation (see generally Matter of New York Life Ins. Co. v Galvin, 35 NY2d 52, 59-60 [1974]), and we decline to accept the parties' invitation to categorize the extension of time as either a "use" or an "area" variance. We reject petitioner's further contention that the ZBA was not bound by the negative declaration issued by the New York State Department of Environmental Conservation with respect to the excavation aspect of the project (see 6 NYCRR 617.6 [b] [3] [iii]; Matter of Gordon v Rush, 100 NY2d 236, 243 [2003]).
Petitioner also sought a declaration that the Fleckenstein respondents' farm pond project and attendant excavation constitutes an illegal mining operation prohibited by the Code. Contrary to petitioner's contention, we conclude that the farm ponds and their attendant excavation are lawfully permitted under the Code, subject to a special use permit and site plan approval (see §§ 200-33, 200-69). Inasmuch as petitioner sought declaratory relief, however, Supreme Court erred in dismissing the petition/complaint in its entirety without declaring the rights of the parties (see generally Haines v New York Mut. Underwriters, 30 AD3d 1030, 1030 [4th Dept 2006]). We therefore modify the judgment accordingly.
We have considered petitioner's remaining contentions and conclude that they are without merit.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court