Matter of White Plains Rural Cemetery Assn. v City of White Plains (2019 NY Slip Op 00606)





Matter of White Plains Rural Cemetery Assn. v City of White Plains


2019 NY Slip Op 00606


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-04482
 (Index No. 3003/16)

[*1]In the Matter of White Plains Rural Cemetery Association, respondent-appellant, 
v
City of White Plains, appellant-respondent, et al., respondents.


John G. Callahan, Corporation Counsel, White Plains, NY (Doreen Lusita Rich of counsel), for appellant-respondent.
McCullough, Goldberger & Staudt, LLP, White Plains, NY (Patricia Wetmore Gurahian of counsel), for respondent-appellant.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for a declaratory judgment, the City of White Plains appeals, and the petitioner cross-appeals, from a judgment of the Supreme Court, Westchester County (Helen M. Blackwood, J.), dated March 15, 2017. The judgment, insofar as appealed from, granted those branches of the petition which were to annul so much of a determination of the Zoning Board of Appeals of the City of White Plains dated November 2, 2016, as denied so much of the petitioner's application as sought a use variance to construct a crematory on premises the petitioner uses as a cemetery and remitted the matter to the Zoning Board of Appeals of the City of White Plains with a direction to, in effect, grant the use variance and issue a building permit. The judgment, insofar as cross-appealed from, in effect, declared that the proposed crematory is not a part of the existing nonconforming cemetery use and, therefore, requires a use variance.
ORDERED that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In March 2016, the White Plains Rural Cemetery Association, a nonprofit public cemetery (hereinafter the Cemetery), applied to the Zoning Board of Appeals of the City of White Plains (hereinafter the Board) seeking an interpretation that a crematory the Cemetery proposed to construct on premises the Cemetery uses as a cemetery is a permitted use under the cemetery's legal nonconforming use. In the alternative, the Cemetery requested a use variance for the crematory. On November 3, 2016, after a hearing, the Board denied the application. Thereafter, the Cemetery commenced this hybrid proceeding pursuant to CPLR article 78 to review the determination and action for a judgment declaring, in effect, that the proposed crematory is a part of the existing nonconforming cemetery use. The Supreme Court denied those branches of the petition which were to annul the Board's interpretation that the proposed crematory is not a part of the existing nonconforming cemetery use, in effect, declared that the proposed crematory is not a part of the existing nonconforming cemetery use and, therefore, requires a use variance, and granted those branches of the petition which were to annul so much of the determination as denied so much of the application as sought a use variance. The Board appeals and the Cemetery cross-appeals.
Great deference is accorded to a board's interpretation of a zoning ordinance (see Appelbaum v Deutsch, 66 NY2d 975, 977-978; Matter of Witkowich v Zoning Bd. of Appeals of Town of Yorktown, 133 AD3d 679, 680), and courts will uphold its reasonable construction of a term that is not otherwise defined in the zoning code (see Appelbaum v Deutsch, 66 NY2d at 977-978). Here, the Cemetery relies on the definition of "cemetery corporation" as found in Not-For-Profit Corporation Law § 1502(a), to support its contention that the Board could not rationally have interpreted a crematory to be separate and distinct from cemetery use. However, the Board was not required to import a definition from other statutes or sources having purposes different from zoning concerns (see Appelbaum v Deutsch, 66 NY2d at 978). Accordingly, the Board's decision to rely on a narrower definition of the term cemetery and crematory, such as are defined in the Mirriam-Webster dictionary, was neither irrational or unreasonable (see id. at 977; Matter of Oakwood Cemetery v Village/Town of Mt. Kisco, 115 AD3d 749, 751-752). Thus, we agree with the Supreme Court's declaration that the proposed crematory is not a part of the existing nonconforming cemetery use and, therefore, requires a variance.
" Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion'" (Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold, 98 AD3d 508, 509, quoting Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven, 77 AD3d 949, 949; see Matter of Borrok v Town of Southampton, 130 AD3d 1024, 1024). The rationale for this rule is that " [l]ocal officials, generally, possess the familiarity with local conditions necessary to make the often sensitive planning decisions which affect the development of their community'" (Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613, quoting Matter of Cowan v Kern, 41 NY2d 591, 599). Therefore, a zoning board's determination will generally be set aside "only if the zoning board acted illegally, arbitrarily, abused its discretion, or succumbed to generalized community opposition" (Matter of DAG Laundry Corp. v Board of Zoning Appeals of Town of N. Hempstead, 98 AD3d 740). The determinations will be sustained if they have a rational basis in the record (see Edwards v Davison, 94 AD3d 883).
"To qualify for a use variance premised upon unnecessary hardship there must be a showing that (1) the property cannot yield a reasonable return if used only for permitted purposes as currently zoned, (2) the hardship resulted from unique characteristics of the property, (3) the proposed use would not alter the character of the neighborhood, and (4) the alleged hardship was not self-created" (Matter of Westbury Laundromat, Inc. v Mammina, 62 AD3d 888, 891[internal quotation marks omitted]; see General City Law § 81-b[3][b]).
With regard to the first element, "[i]t is well settled that a landowner who seeks a use variance must demonstrate factually, by dollars and cents proof, an inability to realize a reasonable return under existing permissible uses'" (Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 287 AD2d 453, 456, quoting Matter of Village Bd. of Vil. of Fayetteville v Jarrold, 53 NY2d 254, 256). Contrary to the Board's determination, the Cemetery submitted evidence consisting of projections from a financial analyst and profit and loss statements which demonstrated that it had operated at a loss for the five-year period preceding the filing of its application. In finding that this evidence was contradictory and conflicted with a 2014 tax document indicating that the Cemetery had a positive income that year, the Board failed to differentiate investment income accrued in the Cemetery's statutorily required permanent maintenance fund (see Not-for-Profit Corporation Law § 1507[a]) from the net losses the Cemetery incurred as a result of its decline in revenue. As such, there was no rational basis for the Board's finding that the Cemetery was not experiencing a financial hardship.
As to the third element, the Board improperly determined that the 1,800-square-foot crematory would alter the essential character of the neighborhood. The unrebutted evidence demonstrated that the crematory would be shielded from view, would be odorless and not emit visible smoke, and had passed all necessary emissions and air quality testing. Other evidence indicated that the structure would not have an impact on any nearby historical resources and the crematory was not visible from the nearest residence, which is 400 feet away and across a major interstate highway. The Board's other concerns that surrounding home values would decrease and that granting the variance would allow for additional crematoriums to be constructed on the subject [*2]property are predicated on nothing more than speculation and appear to be the product of generalized community opposition (see Matter of DAG Laundry Corp. v Board of Zoning Appeals of Town of N. Hempstead, 98 AD3d 740).
It is undisputed that the Cemetery satisfied the remaining statutory criteria for the grant of a use variance (see General City Law § 81-b[3][b]). Therefore, we agree with the Supreme Court's determination annulling the Board's denial of so much of the petitioner's application as sought a use variance on the ground that it was arbitrary and capricious.
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court