Sanders v Cooperatieve Rabobank U.A. (2024 NY Slip Op 02264)

Sanders v Cooperatieve Rabobank U.A.

2024 NY Slip Op 02264

Decided on April 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2024

Before: Webber, J.P., Friedman, González, Rosado, Michael, JJ. 

Index No. 158104/18 Appeal No. 2136 Case No. 2023-00393 

[*1]James Sanders, Plaintiff-Appellant,
v
Cooperatieve Rabobank U.A., Defendant-Respondent.

The Liddle Law Firm PLLC, New York (Jeffrey L. Liddle of counsel), for appellant.
Epstein Becker & Green, P.C., New York (Diana Costantino Gomprecht of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered December 9, 2022, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing plaintiff's claim for age discrimination under the New York City Human Rights Law (HRL), unanimously affirmed, without costs.
Plaintiff was employed by defendant as a compliance officer whose primary responsibility was to support the bank's efforts to obtain a swap dealer registration with the Commodity Futures Trading Commission. Defendant terminated plaintiff's employment after two years, when he was 57 years old.
Defendant submitted evidence of legitimate, nondiscriminatory reasons for plaintiff's termination—namely, that plaintiff's role was eliminated because defendant believed its swap dealer registration was imminent and as part of a cost-cutting restructuring of defendant's compliance department based on the bank's anticipated future needs (see Smith v Federal Defenders of N.Y., Inc., 161 AD3d 506, 507 [1st Dept 2018]). Conversely, plaintiff fails to demonstrate the existence of a genuine dispute of material fact as to whether defendant's reasons were pretextual or whether discrimination was a motivating factor in defendant's decision (see Cadet-Legros v New York Univ. Hosp. Ctr., 135 AD3d 196, 202 [1st Dept 2015]); Hamburg v New York Univ. Sch. of Medicine, 155 AD3d 66, 73 [1st Dept 2017]; Bennett v Health Mgt. Sys., Inc.,92 AD3d 29, 35-40 [1st Dept 2011], lv denied 18 NY3d 811 [2012]).
Plaintiff also fails to demonstrate a genuine issue of material fact as to whether defendant's reasons were "false, misleading, or incomplete" (Bennett, 92 AD3d at 43). Plaintiff admitted that "all of his swap dealer compliance experience was 'pre-registration' and he had no compliance experience in a [business-as-usual] setting for a swap dealer," to which defendant planned to transition following plaintiff's departure. The fact that defendant did not secure its swap dealer registration until approximately one year after plaintiff's departure does not create an issue of fact as to defendant's "good faith belief" that the registration was imminent "and that personnel action was required" (Smith, 161 AD3d at 507). The undisputed evidence also showed that plaintiff's termination achieved a cost savings for defendant of approximately $50,000. Plaintiff's efforts to manufacture a genuine issue as to defendant's reasons by misrepresenting record testimony and documentary evidence are unavailing.
Although defendant hired a younger markets compliance officer around the time of plaintiff's termination, that person had a different title, more generalist focus, and lower pay grade than plaintiff. Further, that person was hired based on his experience with Volcker Rule compliance, of which plaintiff admitted he had none. The elimination of plaintiff's role and hiring of other employees with different responsibilities and skills does not raise an inference [*2]of discrimination (see Bailey v New York Westchester Sq. Med. Ctr., 38 AD3d 119, 124 [1st Dept 2007]).
Plaintiff also fails to show a genuine issue of fact as to whether age was a motivating factor in his termination. Defendant's termination or reassignment of three other senior compliance officers does not demonstrate a pattern of age discrimination, as those changes happened during a restructuring unrelated to plaintiff's termination, which plaintiff concedes resulted in layoffs predominantly of employees under 40 (see Hamburg, 155 AD3d at 77-78; Melman v Montefiore Med. Ctr., 98 AD3d 107, 123 [1st Dept 2012]). Plaintiff's positive performance evaluations do not create an issue of fact, as defendant did not assert that plaintiff's performance played any role in his termination. Summary judgment was therefore properly granted since "there is no evidentiary route that could allow a jury to believe that discrimination played a role in the challenged action" (Spinello v Depository Trust & Clearing Corp., 147 AD3d 572, 573 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2024