Hoffman v St. Bonaventure Univ. (2025 NY Slip Op 00763)

Hoffman v St. Bonaventure Univ.

2025 NY Slip Op 00763

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND KEANE, JJ.

866.1 CA 24-00445

[*1]PAULINE HOFFMAN, PLAINTIFF-RESPONDENT,
v
ST. BONAVENTURE UNIVERSITY, DEFENDANT-APPELLANT. 

BOND, SCHOENECK & KING, PLLC, BUFFALO (STEPHEN A. SHARKEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAW OFFICE OF LINDY KORN, PLLC, BUFFALO (LINDY KORN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Cattaraugus County (Ronald D. Ploetz, A.J.), entered December 27, 2023. The order denied the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the amended complaint is dismissed.
Memorandum: Plaintiff commenced this employment discrimination action alleging that defendant did not select her for a position at defendant because of her sex and religious beliefs. Defendant appeals from an order denying its motion for summary judgment dismissing the amended complaint. We reverse.
Defendant submitted evidence that a committee consisting of 10 members interviewed plaintiff and another candidate, and assessed the 2 candidates based on a series of questions. The other candidate scored objectively higher than plaintiff, received more positive comments, and had more relevant experience. Defendant, therefore, rebutted plaintiff's prima facie case of discrimination by establishing that it had " 'legitimate, independent, and nondiscriminatory reasons to support its employment decision' " (Ferrante v American Lung Assn., 90 NY2d 623, 629 [1997]; see Spinello v Depository Trust & Clearing Corp., 147 AD3d 572, 572 [1st Dept 2017]; Layaou v Xerox Corp., 298 AD2d 921, 922 [4th Dept 2002]), thus shifting the burden to plaintiff to raise an issue of fact whether "the legitimate reasons proffered by defendant were merely a pretext for discrimination" (Ferrante, 90 NY2d at 629-630). We further conclude that plaintiff failed to raise a triable issue of fact "concerning either the falsity of defendant's proffered basis for the [employment decision] or that discrimination was more likely the real reason" (id. at 631; see Morse v Wyoming County Community Hosp. & Nursing Facility [appeal No. 2], 305 AD2d 1028, 1030 [4th Dept 2003]; cf. Chiara v Town of New Castle, 126 AD3d 111, 124 [2d Dept 2015], lv dismissed 26 NY3d 945 [2015]).
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court